UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | |
|---|---|
| LINDA JENESKI, And Class of Similarly Situated Individuals,  )<br>)<br>)<br>Plaintiffs )<br>)<br>v. )<br>)<br>CITY OF WORCESTER, MASS.; )<br>STEPHEN H. WILLAND, DONALD H. )<br>ANDERSON, CARLENE BULL, ROBERT )<br>HENNIGAN, JR. and DAVID M. MOORE, )<br>)<br>Defendants ) | C.A. No. 05-40019FDS |

**ANSWER OF DEFENDANTS CITY OF WORCESTER, STEPHEN H. WILLAND, DONALD H. ANDERSON, CARLENE BULL AND DAVID M. MOORE TO PLAINTIFF'S COMPLAINT**

Defendants City of Worcester, Stephen H. Willand, Donald H. Anderson, Carlene Bull and David M. Moore (collectively, "Defendants"), hereby answer Plaintiff's Complaint as follows:

I. JURISDICTION

1.  Paragraph 1 is a jurisdictional statement and therefore no response is required.

II. PARTIES

2. Defendants admit that the Plaintiff is Linda Jeneski. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations regarding Linda Jeneski's residence. As to the remaining allegations contained in paragraph 2 of Plaintiff's Complaint, they call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent the remainder of paragraph 2 can be construed as alleging facts, Defendants deny the allegations contained therein.

3. The allegations contained in paragraph 3 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph 3 can be construed as alleging facts, Defendants deny the allegations contained therein.

4. Defendants admit the allegation in paragraph 4 of Plaintiff's Complaint that the City of Worcester is a Massachusetts corporation located at Worcester City Hall, 455 Main Street, Worcester, MA 01608. The remaining allegation contained in paragraph 4 calls for a legal conclusion rather than a factual response, and, therefore, no response is required.

5. Defendants admit the allegation in paragraph 5 that Defendant Stephen R. Willand is a natural person and a resident

of Worcester County, Massachusetts. The remaining allegation contained in paragraph 5 calls for a legal conclusion rather than a factual response, and, therefore, no response is required.

6. Defendants admit the allegation in paragraph 6 that Defendant Donald H. Anderson is a natural person and a resident of Worcester County, Massachusetts. The remaining allegation contained in paragraph 6 calls for a legal conclusion rather than a factual response, and, therefore, no response is required.

7. Defendants admit the allegation in paragraph 7 that Defendant Carlene Bull is a natural person and a resident of Worcester County, Massachusetts. The remaining allegation contained in paragraph 7 calls for a legal conclusion rather than a factual response, and, therefore, no response is required.

8. The allegations contained in paragraph 8 of Plaintiff's Complaint do not apply to a defendant represented by the City of Worcester and, therefore, no response is required.

9. Defendants admit the allegation in paragraph 9 of Plaintiff's Complaint that Defendant David M. Moore is a natural person and a resident of Worcester County, Massachusetts. The remaining allegation contained in paragraph 9 calls for a legal

conclusion rather than a factual response, and, therefore, no response is required.

### III. CLASS CERTIFICATION

10. The allegations contained in paragraph 10 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph 10 can be construed as alleging facts, Defendants deny the allegations contained therein.

### IV. VENUE

11. The allegations contained in paragraph 11 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph 11 can be construed as alleging facts, Defendants deny the allegations contained therein.

### V. FACTS

12. Defendants admit that Plaintiff has a master's degree and admits that in 1988 Plaintiff became the supervisor of the Career Assessment Unit stationed at the Welfare Offices of the City Manager's Office of Employment and Training. Defendants deny the remaining allegations contained in paragraph 12 of Plaintiff's Complaint including those contained within footnote 1.

13. Defendants deny the allegations contained in paragraph 13 of Plaintiff's Complaint including those contained within footnote 2.

14. Defendants deny the allegations contained in paragraph 14 of Plaintiff's Complaint including those contained within footnote 3.

15. Defendants admit that the Workforce Investment Act (WIA) superseded the federal funding program known as the Job Training Partnership Act (JTPA). Defendants deny the remaining allegations contained in paragraph 15 of Plaintiff's Complaint. Footnote 4 referenced in paragraph 15 contains a legal citation and, as such, no response is required. To the extent a response is required to footnote 4, Defendants deny the allegations contained therein.

16. Defendants cannot admit or deny an allegation relative to what Plaintiff "suspected" at any given point in time, or as to what Plaintiff was advised by her counsel. However, to the extent a response is required to those allegations contained in paragraph 16 of Plaintiff's Complaint, Defendants deny the allegations contained therein.

17. Defendants deny the allegations contained in paragraph 17 of Plaintiff's Complaint including those contained within footnote 5.

18. Defendants deny the allegations contained in paragraph 18 of Plaintiff's Complaint.

19. Defendants admit that Plaintiff and Paul Quinn were laid off on or about September 2002 and that Quinn was later re-hired. Defendants admit that prior to laying off Plaintiff and Quinn, Defendant Willand explored alternatives to layoffs including hourly reductions and planned retirements. Defendants deny the remaining allegations contained in paragraph 19 of Plaintiff's Complaint.

20. The allegations contained in paragraph 20 pertain to Defendant Hennigan and not Defendants represented by the City of Worcester and, therefore, no response is required. To the extent a response is required, Defendants deny the allegations contained in paragraph 20 of Plaintiff's Complaint.

21. Defendants admit that Defendant Hennigan was hired by Defendant City of Worcester to represent it in an employment discrimination case in federal court in Boston. As to the remaining allegations contained in paragraph 21, Defendants have insufficient information to form a belief as to the truth of those allegations including those allegations contained within footnote 6. However, Defendants deny the allegations of conspiratorial conduct on the part of Defendant Moore contained within footnote 6.

22. Defendants deny the allegations contained in paragraph 22 of Plaintiff's Complaint.

23. Defendants deny the allegations contained in paragraph 23 of Plaintiff's Complaint including those contained in footnote 7.

24. Defendants deny the allegations contained in paragraph 24 of Plaintiff's Complaint.

### VI. FIRST COUNT: VIOLATION OF CIVIL RIGHTS UNDER 1983

25. Defendants repeat and reallege their answers to paragraphs 1-24.

26. The allegations contained in paragraph 26 of Plaintiff's Complaint purport to name the party respondent to this claim and, as such, no response is required.

27. The allegations contained in paragraph 27 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph 27 can be construed as alleging facts, Defendants deny the allegations contained therein.

### VII. SECOND COUNT: CONSPIRACY TO VIOLATE CIVIL RIGHTS

28. Defendants repeat and reallege their answers to paragraphs 1-27.

29. Paragraph 29 of Plaintiff's Complaint purports to name the party respondents to this claim and, as such, no response is required.

30. Defendants deny the allegations contained in paragraph 30 of Plaintiff's Complaint.

### VIII. THIRD COUNT: WRONGFUL DISCHARGE

31. Defendants repeat and reallege their answers to paragraphs 1-30.

32. Paragraph 32 of Plaintiff's Complaint purports to name the party respondents to this claim and, as such, no response to that allegation is required. Defendants deny the remaining allegations contained in paragraph 32 of Plaintiff's Complaint.

33. Defendants deny the allegations contained in paragraph 33 of Plaintiff's Complaint.

### IX. FOURTH COUNT: TORTIOUS INTERFERENCE IN CONTRACT

34. Defendants repeat and reallege their answers to paragraphs 1-33.

35. Paragraph 35 of Plaintiff's Complaint purports to name the party respondent to this claim and, as such, no response is required.

36. Defendants deny the allegations contained in paragraph 36 of Plaintiff's Complaint.

### X. FIFTH COUNT: BREACH OF CONTRACT AND FIDUCIARY DUTY

37 - 39. Paragraphs 37 to 39 pertain to Defendant Hennigan and not a Defendant represented by the City of Worcester and, as such, no response is required

## XI. SIXTH COUNT: CONSPIRACY TO BREACH CONTRACT AND FIDUCIARY DUTY

40. Defendants repeat and reallege their answers to paragraphs 1-39.

41. Paragraph 41 of Plaintiff's Complaint purports to name the parties respondent to this claim and, as such, no response is required. Defendants deny the remaining allegations contained in paragraph 41 of Plaintiff's Complaint.

42. Defendants deny the allegations contained in paragraph 42 of Plaintiff's complaint.

## XII.

43. The allegations contained within paragraph 43 of Plaintiff's Complaint call for a legal conclusion rather than a factual response, and, therefore, no response is required. To the extent that paragraph 43 can be construed as alleging facts, Defendants deny the allegations contained therein.

## XIII. MOTION FOR CLASS CERTIFICATION

44. Paragraph 44 purports to be a motion for class certification that does not contain any factual allegations and therefore, does not require a response. To the extent that paragraph 44 can be construed as alleging facts, Defendants deny the allegations contained therein.

9

### XIII. [sic] EX-PARTE REQUEST FOR TRO AND SHOW CAUSE

45 - 47.  Upon information and belief, this Court has denied Plaintiff's Ex Parte Request for a temporary restraining order and, therefore, no response is required to paragraphs 45 through 47.  To the extent that paragraphs 45 through 47 can be construed as alleging facts, Defendants deny the allegations contained therein.

### XIV. [sic] REQUEST FOR PERMANENT INJUNCTION

48.  Paragraph 48 purports to be a request for a permanent injunction to be imposed upon completion of trial in this case that contains no factual allegations and, as such, no response is required.  To the extent a response is required, Defendants deny the allegations contained in paragraph 48 of Plaintiff's Complaint.

### XIV. [sic] REQUEST FOR RELIEF

49.  Paragraph 49 purports to be a request for relief that contains no factual allegations and, as such, no response is required.  To the extent a response is required, Defendants deny the allegations contained in Paragraph 49 of Plaintiff's Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to state a claim upon which relief can be granted, and, as a result, this action should be dismissed with prejudice and with costs to the Defendants.

SECOND AFFIRMATIVE DEFENSE

Defendants state the injuries or damages alleged in Plaintiff's Complaint were caused in whole or in part by Plaintiff's own conduct, and, therefore, Plaintiff is estopped from recovering on her claims.

THIRD AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants actions were, at all times relevant hereto, proper and justified.

FOURTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants actions were performed according to and protected by law and/or legal process.

FIFTH AFFIRMATIVE DEFENSE

Defendants are not liable to Plaintiff because Defendants were privileged in their conduct and acts.

SIXTH AFFIRMATIVE DEFENSE

Defendants are entitled to immunity based upon the good faith belief that the harm suffered by Plaintiff was not a result of which a reasonable person in Defendants' position would have known to result from their actions.

SEVENTH AFFIRMATIVE DEFENSE

At all times relevant hereto, Defendants state that they acted without malice toward Plaintiff and that their actions

relative to Plaintiff were privileged by virtue of their acting reasonably and in good faith within the scope of their employment.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants have qualified immunity from this suit as the alleged acts complained of occurred within the scope of the Defendants' official duties and the Defendants have no knowledge that said alleged acts were illegal and/or unconstitutional nor were said alleged acts clearly violative of Plaintiff's rights at the time that they were committed.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff failed to bring her claims within the applicable statutes of limitation and, therefore, her claims are barred.

### TENTH AFFIRMATIVE DEFENSE

Defendants are immune from suit in accordance with the doctrines of qualified immunity, absolute immunity, and/or privilege.

### ELEVENTH AFFIRMATIVE DEFENSE

If Plaintiff suffered any injury or damage as alleged, such damage was caused by the acts or omissions of a third party over whom the Defendants had no control.

### TWELFTH AFFIRMATIVE DEFENSE

Defendants state that Plaintiff's Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiff's

Complaint does not involve any particular right arising under the United States Constitution, and further that no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a matter of law, Defendant City of Worcester, a municipality, cannot, in and of itself, violate an individual's civil rights pursuant to 42 U.S.C. § 1983.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff failed to effectuate proper service on Defendants, and, therefore, the action against them must be dismissed.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff does not allege facts sufficient to support class certification.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to state any specific "similarly situated individuals" that would be members of a potential class and, thus, fails to make the necessary showing that a class exists.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to demonstrate questions of law or fact in common with a class of individuals, or that common questions of law or fact predominate over any questions affecting only individual members.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to demonstrate the claims or defenses are typical of the claims or defenses of the class in common with a class of individuals.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff will not fairly and adequately protect the interests of the class.

### TWENTIETH AFFIRMATIVE DEFENSE

A class action is not the appropriate method for fair and efficient adjudication of the controversy.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to allege a claim pursuant to 28 U.S.C. § 2832(f)(1)(A), a statute that does not exist.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to comply with LR, D. Mass. 7.1 for Motion Practice in including a motion for class certification in the complaint under "XIII."

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to state a claim pursuant to 28 U.S.C. § 1988, a statute that does not exist.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant, City of Worcester, a municipality, cannot, as a matter of law, participate in a conspiracy.

TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to state a cause of action for a conspiracy by failing to allege, with some degree of particularity, any overt act in which defendants engaged to promote the claimed conspiracy.

TWENTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege sufficient facts to show that Defendants, acting in unison, had some peculiar power of coercion over Plaintiff that they would not have had if acting independently.

TWENTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to satisfy the statute of limitations for filing a claim of civil conspiracy.

TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by res judicata and collateral estoppel.

TWENTY-NINTH AFFIRMATIVE DEFENSE

Defendants did not have a contractual relationship with Plaintiff and Plaintiff fails to allege sufficient facts to support the existence of a contract with any of the Defendants.

THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to show the parties had an agreement supported by valid consideration.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to support that she was ready, willing and able to perform under the alleged contract.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to support that the Defendants' alleged breach prevented Plaintiff from performing her contract.

### THIRTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff fails to allege facts sufficient to support Plaintiff's claim that she was damaged.

### THIRTY-FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

### THIRTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff fails to plead allegations of fraud with particularity as Plaintiff failed to specify time, place and content of each alleged false representation.

### THIRTY-SIXTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege facts sufficient to establish that, under the state and federal doctrines, the statute of limitations should be equitably tolled.

### THIRTY-SEVENTH AFFIRMATIVE DEFENSE

Plaintiff fails to show that the federal doctrine of fraudulent concealment applies to § 1983 actions.

### THIRTY-EIGHTH AFFIRMATIVE DEFENSE

Plaintiff has failed to allege that Defendants concealed the existence of a cause of action through some affirmative act to toll the statute of limitations pursuant to the doctrine of fraudulent concealment.

### THIRTY-NINTH AFFIRMATIVE DEFENSE

Plaintiff has failed to act with reasonable or due diligence to toll the statute of limitations.

### FORTIETH AFFIRMATIVE DEFENSE

The tolling of the statute of limitations would prejudice defendants.

### FORTY-FIRST AFFIRMATIVE DEFENSE

Plaintiff fails to comply with LR, D. Mass. 7.1 for Motion Practice and the local rules generally in including a request for permanent injunction in the complaint under "XIV. REQUEST FOR PERMANENT INJUNCTION."

### FORTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's Complaint is frivolous, without any basis in fact or law and not advanced in good faith and, therefore, Defendants are entitled to attorney's fees, costs, and any other sanctions the Court deems appropriate pursuant to Mass. Gen. Laws c. 231, § 6F and Fed. R. Civ. P. 11.

WHEREFORE, the Defendants demand that Plaintiff's Complaint be dismissed, with costs and reasonable attorney's fees awarded to the Defendants.

The Defendants demand a trial by jury on all issues so triable.

        CITY OF WORCESTER,
        STEPHEN H. WILLAND,
        DONALD H. ANDERSON,
        CARLENE BULL and
        DAVID M. MOORE

        By their attorneys,

        David M. Moore
        City Solicitor

        _____
        Janet J. McGuiggan (BBO #630013)
        Assistant City Solicitor
        City Hall, Room 301
        455 Main Street
        Worcester, MA  01608
        Telephone: (508) 799-1161

**CERTIFICATE OF SERVICE**

I, Janet J. McGuiggan, hereby certify that on this 17th day of February, 2005, I served the within Answer of Defendants City of Worcester, Stephen H. Willand, Donald H. Anderson, Carlene Bull and David M. Moore to Plaintiff's Complaint upon the parties of record by mailing a copy of the same, postage prepaid, to the following:

| | |
|---|---|
| Daniel J. Shea, Esq.<br>1928 West Bell Street<br>Houston, TX 77019-4814 | Robert J. Hennigan Jr., Esq.<br>390 Main Street<br>Worcester, MA 01608 |

/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor