U.S DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA JENESKI,<br>And Class of Similarly<br>Situated Individuals,<br><br>    Plaintiffs,<br><br>V.<br><br>CITY OF WORCESTER, MASS.,<br>STEPHEN H. WILLAND, DONALD H.<br>ANDERSON, CARLENE BULL,<br>THOMAS J. HENNIGAN, JR., and<br>DAVID M. MOORE, Individually,<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) CIVIL ACTION NO. 05-40019 FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## MEMORANDUM OF ROBERT J. HENNIGAN, JR. IN SUPPORT OF HIS MOTION TO DISMISS OR IN THE ALTERNATIVE, FOR A MORE DEFINITE STATEMENT

I.    INTRODUCTION

Plaintiff, a former employee of the City of Worcester, has brought claim against the City of Worcester and four of its employees, Stephen H. Willand, Donald H. Anderson, Carlene Bull and David Moore apparently alleging that the City improperly circumvented the state's civil service laws by exempting certain City positions from the civil service laws. Complaint, p. 3, n.1. Although the Complaint is ambiguous and fails to set forth a plain statement of the claim, the gravamen of Plaintiff's Complaint against the City appears to allege an inappropriate exclusion of job positions from the Massachusetts Civil Service scheme. Indeed, plaintiff seeks class status for all individuals similarly situated. Plaintiff's Complaint, ¶10.

Plaintiff has also brought suit against Attorney Robert J. Hennigan, Jr. (improperly identified as Thomas J. Hennigan, Jr. in the Complaint). Plaintiff alleges that she was discharged in September 2002. Plaintiff's Complaint ¶19. After her discharge, she retained

Attorney Hennigan to represent her in a discrimination claim. Id. at ¶20. Plaintiff, aggrieved of Mr. Hennigan's subsequent representation of the City of Worcester in another matter, terminated the attorney/client relationship due to a perceived conflict of interest. Id. at ¶21[1].

Plaintiff also alleges that Attorney Hennigan was "the author of the City's 1996 Plan of Reorganization" which she apparently alleges institutionalized the "civil service exemption scam." Id. at ¶20. Importantly, there is no allegation that Attorney Hennigan was responsible or liable for the 1996 Plan of Reorganization or that he was involved in her hiring, job classification or termination.

As can be seen, Plaintiff's Complaint alleges two completely separate series of claims: (1) a class action civil service "scam" against the City and its employees, and (2) a legal malpractice claim against Attorney Hennigan for his alleged conflict of interest in representing her against the City before the MCAD following her termination while at the same time representing the City in another matter. Plaintiff also attempts to allege circumstantially that, because Attorney Hennigan represented city employees, he must have been part of a greater conspiracy to deprive Ms. Jeneski of her civil rights (Count 2) and to breach her attorney/client relationship with Hennigan (Count 6). Count 5 of the Complaint is for legal malpractice.

Attorney Hennigan moves that the Complaint be dismissed as to him on the grounds that:

(a)   This Court has no subject matter jurisdiction for the legal malpractice claim (Counts 5 and 6); and

(b)   Plaintiff has failed to alleged sufficient facts to establish a conspiracy (Counts 2 and 6).

---

[1] Plaintiff also alleges that she had a "slam dunk" case on the merits if Attorney Hennigan had deposed a coworker. Complaint, N. 6. Plaintiff's counsel in this litigation, Attorney Shea, subsequently represented Plaintiff in the MCAD claim and did not depose the alleged witness. Attorney Shea is a fact witness to these allegations and a necessary witness in the malpractice claim.

2

## II. STANDARD OF REVIEW

Federal courts have limited subject matter jurisdiction. Viqueira v. First Bank, 140 F. 3d 12,16 (1st Cir. 1998). "[J]urisdiction must be apparent from the face of the plaintiff's pleading." PCS 2000 LP v. Romulus Telecomms., 148 F. 3d 32, 35 (1st Cir. 1998), quoting Viquiera, *supra*, at 18. Upon a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of proving the existence of such jurisdiction. Aversa v. United States, 99 F. 3d 1200, 1209 (1st Cir. 1996).

In determining the appropriateness of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court should properly dismiss a complaint if it appears beyond doubt that the plaintiff will be unable to prove facts supporting his claim. McGrath v. MacDonald, 853 F. Supp. 1,3 (D. Mass 1994), quoting Kadar Corp. v. Milbury, 549 F. 2d 230, 233 (1st Cir. 1997). In evaluating such a motion to dismiss, the court is obligated to examine only the allegations contained within the complaint. Pierce v. Runyon, 857 F. Supp. 129, 131 (D. Mass 1994). "The correct standard for assessing the sufficiency of the instant complaint, therefore, is whether, accepting the factual allegations in the complaint as true and construing them in a light most favorable to the plaintiff, the complaint shows any set of facts which could entitle the plaintiff to relief." McGrath, *supra*, at 3, citing Gooley v. Mobil Oil Corp., 851 F. 2d 573, 574 (1st Cir. 1988).

## III. ARGUMENT

### A. This Court Does Not Have Subject Matter Jurisdiction Over Counts 5 and 6, the Legal Malpractice Allegations Against Attorney Hennigan.

Counts 5 and 6 of Plaintiff's Complaint are claims for legal malpractice against Attorney Hennigan. Legal malpractice, however, does not constitute a federal question under the provisions of 29 U.S.C. §1331. First Circuit courts have consistently held that the federal courts lack subject matter jurisdiction over claims for legal malpractice and/or breach of contract. See,

3

e.g., Agbosasa v. Cooper, 1993 U.S. App. LEXIS 13737; Gonzalez v. Arana, 1995 U.S. App LEXIS 41280; Murray v. Perlow, 2004 U.S. App. LEXIS 8979.

In the Gonzalez case, the Plaintiff asserted that his claim for legal malpractice arose under federal law because the malpractice allegedly occurred during a federal bankruptcy proceeding. The U.S. Court of Appeals agreed with the lower court's finding that legal malpractice is a claim for the state courts only, holding that "the traditional right to relief for legal malpractice is rooted in state law." Gonzalez, *supra*, at *2. In Agbosasa, Attorney Cooper was retained by the appellant/plaintiff Agbosasa to defend him on several federal charges. After his conviction and sentencing, Agbosasa brought legal malpractice claims against Cooper because, he alleged, the underlying actions arose under various acts and amendments of the U.S. Constitution. Agbosasa, *supra*, at *2. The U.S. District Court dismissed Agbosasa's complaint for lack of subject matter jurisdiction, and the U.S. Court of Appeals affirmed the decision. In 2004, the Murray court again affirmed that the federal courts do not have subject matter jurisdiction over claims for legal malpractice and/or breach of contract. Murray, *supra*, at *5. Based on the precedent established by the First Circuit courts in these cases, Attorney Hennigan submits that in the present matter, the Plaintiff's claim for legal malpractice against him must be dismissed for lack of subject matter jurisdiction.

**B.    The Plaintiff Failed to Establish Facts Sufficient to Support Her Claim That Hennigan was Involved in a Conspiracy to Violate Civil Rights.**

Even if this Court finds that it has subject matter jurisdiction over the allegations against Attorney Hennigan in the Plaintiff's Complaint, the counts against him should be dismissed for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6).

In Paragraph 30 of her complaint, Plaintiff alleges that all defendants "joined in a conspiracy to deprive her of her rights to due process and equal protection of the law in that they

4

a) had a meeting of the minds, b) jointly used unlawful means to achieve ends, and c) that the conspiracy is the proximate cause of the economic damages sustained by her and the Class." Massachusetts recognizes two forms of civil conspiracy. Wajda v. R.J. Reynolds Tobacco Co., 103 F. Supp. 2d 29, 37 (D. Mass. 2000). True conspiracy is found "when the conspirators, acting in unison, exercise a peculiar power of coercion over the plaintiff that they would not have had if they had acted alone." Id. The second form of conspiracy "ascribes liability to those who substantially assist or encourage others to commit torts." Id. In her Complaint, Plaintiff alleges that she was "abrupt[ly] discharge[d]" from her position as the supervisor of the Career Assessment Unit at the City Manager's Office of Employment and Training in 2002. Plaintiff's Complaint ¶14. Plaintiff further states that following her discharge, she retained Attorney Hennigan in order to file a Title VII age and sex discrimination claim. Plaintiff's Complaint ¶20. Also contained within Paragraph 20 is the allegation that "Hennigan did not disclose that he was the author of the City's 1996 Plan of Reorganization which explicitly stated that the department in which plaintiff worked was to be called 'Executive Office of Employment and Training.'"

Attorney Hennigan, however, did not author the Plan of Reorganization as Jeneski alleges, but did review the Plan and suggested several revisions. Regardless, no conspiratorial conduct can be attributed to Hennigan for his limited role in the review process of the 1996 Plan of Reorganization; there was no "peculiar power of coercion" exerted over Ms. Jeneski by Attorney Hennigan during his tenure as Councilor-at-Large for the City of Worcester. Such acts occurred in 1996, four years prior to her termination. Complaint, ¶ 17. The facts stated in Plaintiff's complaint fail to establish that Attorney Hennigan, working in concert with the other defendants, exerted a "peculiar power of coercion" over Ms. Jeneski, nor do the facts indicate that Attorney Hennigan played a vital role in encouraging others to commit torts against her.

Plaintiff's claims against Attorney Hennigan for conspiracy to deprive her of her constitutional rights must therefore be dismissed. In the alternative, Attorney Hennigan moves that Plaintiff be compelled to amend the Complaint to set forth a more definite statement to support the unfounded and improper allegations of conspiracy against him on the civil rights conspiracy claim, Count 2.

### C. The Plaintiff Failed to Establish Facts Sufficient to Support Her Claim for Conspiracy to Breach Contract and Fiduciary Duty.

Count 6 of Plaintiff's Complaint alleges that Attorney Hennigan, the City of Worcester and David M. Moore conspired to breach Hennigan's attorney-client contract and its related fiduciary obligations to Ms. Jeneski. As stated fully in section III(B) *supra*, there are two forms of civil conspiracy recognized by Massachusetts courts: for the first type, the plaintiff must prove that a power of coercion existed that would not exist unless the defendants had worked together. To establish the second type of conspiracy, the defendant must have assisted or encouraged another to commit a tort. To succeed on Count 6, Plaintiff must set forth facts establishing that there was a common, intentional plan among the defendants to deprive Ms. Jeneski of sufficient representation in her Title VII claims against the City of Worcester Office of Employment and Training. From the time of his retention by Ms. Jeneski to the time of her discharge of his services, Attorney Hennigan diligently and zealously represented Ms. Jeneski regarding her Title VII complaint. That Attorney Hennigan subsequently agreed to represent the City of Worcester Law Department in a separate and unrelated claim against it can hardly be found to constitute conspiracy. Attorney Hennigan's representation of the City of Worcester Law Department was not adverse to his representation of Ms. Jeneski; furthermore, there was no "meeting of the minds" among the defendants Hennigan, Moore and the City of Worcester required to establish civil conspiracy.

Dispositive of the issue, Ms. Jeneski discharged Attorney Hennigan. Complaint, ¶ 21. Her unilateral act is the sole basis for the termination of the attorney-client relationship. Notwithstanding the baseless allegations of a "conspiracy", there are no factual allegations that support a finding or inference that such a conspiracy existed. Moreover, even if such a conspiracy existed, it is derivative of the legal malpractice claim and this Court has no subject matter jurisdiction over the claim.

## IV. CONCLUSION

Ms. Jeneski's Complaint is nothing more than a broad brush seeking to resolve all perceived wrongs arising out of her employment. The Complaint wrongfully seeks to embroil Attorney Hennigan in a complex class action arising out of the alleged systemic failures of the City of Worcester employment classification scheme. In this light, the inclusion of the malpractice claims with the broader class action claims can only be seen to be a legal stratagem to inflict disproportionate costs and expenses upon Attorney Hennigan to compel settlement. Such an improper use of process should not be countenanced.

Based on the foregoing points and authorities, Attorney Hennigan respectfully requests that this Court dismiss Counts 2, 5 and 6 of the Plaintiff's Complaint, with prejudice. In the alternative, Plaintiff should be ordered to amend the Complaint to provide a more definite statement as to the allegations in support of Count 2.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that on this day a true copy of the within document was served upon the attorney of record for each party by mail/hand.<br><br>DATED: March 25, 2005 | DEFENDANT,<br>ROBERT J. HENNIGAN, JR.,<br>By his Attorney,<br><br>_____<br>Robert J. Murphy BBO# 363760<br>MURPHY & RILEY, P.C.<br>141 Tremont Street<br>Boston, MA 02111<br>(617) 423-3700 |