IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

LINDA JENESKI,
And Class of Similarly
Situated Individuals,

    PLAINTIFFS,

-vs.-

CITY OF WORCESTER, MASS.;
STEPHEN H. WILLAND, DONALD
H. ANDERSON, CARLENE BULL,
ROBERT J. HENNIGAN, JR., and
DAVID M. MOORE, Individually;

    DEFENDANTS.

NO. 05-40019-FDS

## PLAINTIFF'S OPPOSITION TO DEFENDANT

## ROBERT J. HENNIGAN, JR.'S MOTION TO DISMISS

PLAINTIFF LINDA JENESKI opposes the Motion to Dismiss of Defendant ROBERT J. HENNIGAN, JR.

1.     <u>Subject Matter Jurisdictional Grounds</u>

In his *Memorandum* on the subject, Mr. Hennigan asserts that "[t]his court has no subject matter jurisdiction for the legal malpractice claim (Counts 5 and 6) . . . ." Mem. at p. 2. It is not clear, however, whether this ground for dismissal is urged under FED R. CIV. P. 12b(1), Mem. at p. 3, par. 1, or under FED R. CIV. P. 12b(6), *Id.* at p. 2, par. 2.

In any event, Mr. Hennigan asserts that the court lacks subject matter jurisdiction since a legal malpractice claim does not pose a federal question. He is correct in that regard. However, he fails to recognize that Plaintiff specifically invokes the Court's supplemental jurisdiction in her pleading where she states, "The Court also has supplemental jurisdiction pursuant to 28 U.S.C. §

1367(a) in that the state tort law claims herein form part of the same case or controversy under Article III of the United States Constitution."

Plaintiff thus opposes the dismissal of Counts 5 and 6, the legal malpractice claims.

2.      Failure to State A Claim

Plaintiff contends that in pars. 20-21 and footnote 6 of her pleadings, facts sufficient to allege a conspiracy are set forth. She pleads that Mr. Hennigan had actual knowledge of the true nature of her claim against the City and instead, working on the City's behalf, he pursued a fruitless claim against the City with the Massachusetts Commission Against Discrimination. Instead, he should have pursued the very claim that forms the basis of this lawsuit, i.e., unequal application of the state's civil service laws which gives rise to the equal protection claim in this lawsuit. Thus, it should be clear to Mr. Hennigan that he was acting on the City's behalf while charging Ms. Jeneski for work at the MCAD – which work is compensable under the Civil Rights Act at § 1988. The Court must assume these facts are true for purposes of its analysis. *Davis v. Monroe Cty. Bd. Of Education*, 526 U.S. 629, 633 (1999).

Should the Court, however, find the factual allegations insufficient, Ms. Jeneski HEREBY MOVES that she be granted leave to amend.

Respectfully submitted,

DANIEL J. SHEA, P.C.

By: _____
DANIEL J. SHEA
B.B.O.# 652896
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500 Telephone
(713) 942-7507 Telecopier
(832) 647-3612 Mobile
DJS7500@aol.com

## CERTIFICATE OF SERVICE

I, the undersigned, hereby certify that on the 8th day of April, 2005, I served the above and foregoing *Plaintiff's Opposition to Defendant Robert J. Hennigan, Jr.'s Motion to Dismiss* upon opposing counsel pursuant to FED. R. CIV. P. 5, as set forth below. Filing with the Court is via hand delivery on Monday, April 11, 2005.

| | |
|---|---|
| Ms. Janet J. McGuiggan<br>Assistant City Solicitor<br>City Hall, Room 301<br>455 Main Street<br>Worcester, MA 01608-1823<br>ATTORNEY FOR DEFENDANTS CITY<br>OF WORCESTER, STEPHEN H. WILLAND,<br>DONALD H. ANDERSON, CARLENE BULL,<br>AND DAVID M. MOORE, Individually | U.S. Mail, First Class |
| Mr. Robert J. Murphy<br>MURPHY & RILEY, P.C.<br>141 Tremont Street<br>Boston, MA 02111-1209<br>ATTORNEY FOR DEFENDANT<br>ROBERT J. HENNIGAN, JR. | U.S. Mail, First Class |

_____
DANIEL J. SHEA