U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA JENESKI,<br>And Class of Similarly<br>Situated Individuals,<br>    Plaintiffs,<br><br>V.<br><br>CITY OF WORCESTER, MASS.,<br>STEPHEN H. WILLAND, DONALD H.<br>ANDERSON, CARLENE BULL,<br>ROBERT J. HENNIGAN, JR.,<br>DAVID M. MOORE, Individually, and<br>MASACHUSETTS ADMINISTRATOR<br>OF HUMAN RESOURCES,<br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)  CIVIL ACTION NO. 05-40019 FDS<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**MOTION OF ROBERT J. HENNIGAN, JR. TO DISMISS
PLAINTIFF'S FIRST AMENDED COMPLAINT**

I.    **INTRODUCTION**

Plaintiff, a former employee of the City of Worcester, has brought suit against the Massachusetts Administrator of Human Resources, the City of Worcester and four of the City's employees, Stephen H. Willand, Donald H. Anderson, Carlene Bull and David Moore. The plaintiff apparently alleges that an adverse employment decision was made against her without her having an equal opportunity to challenge that decision under civil service laws. (*Amended Complaint,* ¶ *3.*) The plaintiff seeks class status for all individuals similarly situated. (*Amended Complaint,* ¶*11.)*

Plaintiff has also brought suit against Attorney Robert J. Hennigan, Jr. Plaintiff alleges that after she was discharged from her employment with the City of Worcester, she retained Attorney Hennigan to represent her in a discrimination claim related to that discharge. (*Id. at* ¶*22.)* After learning of Attorney Hennigan's subsequent representation of the City of Worcester

in an unrelated matter, she terminated the attorney/client relationship due to a perceived conflict of interest. *(Id. at ¶24.)*

Plaintiff's Amended Complaint alleges two completely separate series of claims: (1) a class action against the City and its employees alleging civil rights violations and wrongful discharge, and (2) a legal malpractice claim against Attorney Hennigan for an alleged conflict of interest and negligence in the representation of the plaintiff in a MCAD claim against the City. Plaintiff also attempts to allege circumstantially that, because Attorney Hennigan assisted in drafting a Plan of Reorganization in 1996 during his time on the City Council, he must have been part of a greater conspiracy to deprive Ms. Jeneski of her civil rights (Count II). Counts V and VI of the Amended Complaint relate to the claim for legal malpractice.

Attorney Hennigan moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that the Amended Complaint be dismissed as to him on the grounds that:

(a) This Court has no subject matter jurisdiction for the legal malpractice claim (Counts V and VI);

(b) Plaintiff has failed to allege sufficient facts to establish a conspiracy (Counts II and VI);

(c) Defendant Hennigan is immune from liability for the allegations of civil rights violations under § 1985(3) (Count II); and

(d) Plaintiff has failed to state a claim on which relief can be granted (Counts II and VI).

## II.   **STANDARD OF REVIEW**

Federal courts have limited subject matter jurisdiction. <u>Viqueira v. First Bank</u>, 140 F. 3d 12, 16 (1st Cir. 1998). "[J]urisdiction must be apparent from the face of the plaintiff's pleading." <u>PCS 2000 LP v. Romulus Telecomms.</u>, 148 F. 3d 32, 35 (1st Cir. 1998), quoting <u>Viquiera</u>, *supra*, at 18. Upon a defendant's motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1), the plaintiff

bears the burden of proving the existence of such jurisdiction. Aversa v. United States, 99 F. 3d 1200, 1209 (1st Cir. 1996).

In determining the appropriateness of a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the court should properly dismiss a complaint if it appears beyond doubt that the plaintiff will be unable to prove facts supporting his claim. McGrath v. MacDonald, 853 F. Supp. 1,3 (D. Mass 1994), quoting Kadar Corp. v. Milbury, 549 F. 2d 230, 233 (1st Cir. 1997). In evaluating such a motion to dismiss, the court is obligated to examine only the allegations contained within the complaint. Pierce v. Runyon, 857 F. Supp. 129, 131 (D. Mass 1994). "The correct standard for assessing the sufficiency of the instant complaint, therefore, is whether, accepting the factual allegations in the complaint as true and construing them in a light most favorable to the plaintiff, the complaint shows any set of facts which could entitle the plaintiff to relief." McGrath, *supra*, at 3, citing Gooley v. Mobil Oil Corp., 851 F. 2d 573, 574 (1st Cir. 1988).

### III.  ARGUMENT

#### A. Hennigan is Immune From Liability for Allegations of Conspiracy to Violate Civil Rights Under § 1985(3)

Attorney Hennigan's alleged role in the claimed conspiracy was his involvement "with the development of the City's 1996 Plan of Reorganization which explicitly stated that the department in which plaintiff worked was to be called 'Executive Office of Employment and Training.'"[1] *(Amended Complaint ¶22).* At the time of the alleged involvement, however, Hennigan was a government official. *(Amended Complaint ¶22).*

Generally, "government officials performing discretionary functions . . . are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v.

---

[1] To the extent that additional conduct of Hennigan is alleged, it involves the malpractice claims and does not allege any agreement, implicit or otherwise, between Hennigan and others to violate the rights of the plaintiff.

3

Fitzgerald, 457 U.S. 800, 818 (1982). In order to determine whether a function was discretionary, the proper test is: (1) whether the governmental actor had discretion as to what course of conduct to follow, and (2) whether the discretionary conduct involves policymaking or planning. If both elements are present, then the discretionary function exception applies. Harry Stoller & Co. v. City of Lowell, 412 Mass. 139 (1992). Here, both elements of the test are met.

In order to determine whether the complained of conduct then violates clearly established statutory or constitutional rights of which a reasonable person would have known, a two-step inquiry is undertaken. Saucier v. Katz, 533 U.S. 194, 201-02 (2001). First, taken in the light most favorable to the plaintiff, the Court must decide whether the facts alleged show the defendant's conduct violated a constitutional right. Id. at 201. If no constitutional right would have been violated were the plaintiff's allegations established, there is no need for further inquiry into immunity. If a violation can be made out on a favorable view of the plaintiff's submissions, the next question is whether the right was clearly established. Id. Here, the first prong of the test is not satisfied as the generalized allegations of the Amended Complaint do not show, even viewed in a light most favorable to the plaintiff, that Hennigan's conduct violated a constitutional right.

Accordingly, Hennigan is immune from liability for the allegations of Count II which must be dismissed as against him.

**B.  Plaintiff Fails to Establish Facts Sufficient to Support Claim That Hennigan was Involved in a Conspiracy to Violate Civil Rights.**

Count II – Conspiracy to Violate Civil Rights Under § 1985(3) - should also be dismissed for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6).

In order to prove her claim under 42 U.S.C. § 1985(3), plaintiff must establish the existence of (1) a conspiracy, (2) a conspiratorial purpose to deprive her, directly or indirectly, of the equal protection of the laws or of equal privileges and immunities under the laws, (3) an

overt act in furtherance of the conspiracy, and (4) either (a) an injury to person or property or (b) a deprivation of a constitutionally protected right or privilege. Griffin v. Breckenridge, 403 U.S. 88, 102 (1971). The First Circuit also requires that the plaintiff show that the conspiratorial conduct was propelled by "some racial, or perhaps otherwise class-based, invidiously discriminatory animus." Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir. 1996).

In the Amended Complaint, plaintiff alleges that she was discharged from her position as the supervisor of the Career Assessment Unit at the City Manager's Office of Employment and Training in 2002. *(Amended Complaint ¶16).* She retained Attorney Hennigan following her discharge. *(Amended Complaint ¶22).* Attorney Hennigan's alleged role in the claimed conspiracy was his involvement "with the development of the City's 1996 Plan of Reorganization which explicitly stated that the department in which plaintiff worked was to be called 'Executive Office of Employment and Training.'" *(Amended Complaint ¶22).*

No conspiratorial conduct can be attributed to Hennigan for his limited role in the review process of the 1996 Plan of Reorganization. These acts occurred in 1996, six years prior to her termination. The facts stated in the Amended Complaint fail to establish that Attorney Hennigan, working in concert with the other defendants, exerted a peculiar power of coercion over plaintiff or that he played a vital role in encouraging others to commit torts against her. There are no allegations of a conspiratorial purpose or any overt acts by Hennigan in furtherance of the alleged conspiracy. Pleading conspiracy under sections 1983 & 1985(3) requires at least minimum factual support of the existence of a conspiracy. Slotnick v. Staviskey, 560 F.2d 31, 33 (1st Cir. 1977) ("It has long been the law in this and other circuits that complaints cannot survive a motion to dismiss if they contain conclusory allegations of conspiracy but do not support their claims with references to material facts."), cert. denied, 434 U.S. 1077, 55 L. Ed. 2d 783, 98 S.

Ct. 1268 (1978); Harrison v. Brooks, 519 F.2d 1358 (1st Cir. 1975). The Amended Complaint is devoid of any facts to support a conspiracy theory with respect to Attorney Hennigan. See Gross v. Bohn, 782 F. Supp. 173, 181 (D. Mass. 1991) (To state a claim under § 1985, "the complaint must state with specificity the facts demonstrating the existence and scope of the alleged conspiracy.").

In addition, plaintiff has not met the requirement that the conspiracy was fueled by "class-based, invidiously discriminatory animus." Harrison v. Brooks, 519 F.2d 1358, 1359-60 (1st Cir. 1975) ("The requirement that the discrimination be class-based is not satisfied by an allegation that there was a conspiracy which affected the interests of a class of persons similarly situated with the plaintiffs. Rather, the complaint must allege facts showing that the defendants conspired against the plaintiffs because of their membership in a class and that the criteria defining the class were invidious.") Plaintiff does not adequately define the criteria allegedly used by the defendants in discriminating against her or the class and does not allege anything invidious about the criteria defining the class. See Rogan v. Menino, 973 F. Supp. 72, 77 (D. Mass. 1997).

Plaintiff's claims against Attorney Hennigan for conspiracy to deprive her of her constitutional rights must therefore be dismissed for the foregoing reasons.

### C. Court Does Not Have Supplemental Jurisdiction Over the Legal Malpractice Allegations Against Attorney Hennigan.

Plaintiff invokes the jurisdiction of this Court under 28 U.S.C. § 1331 based on allegations that there has been a violation of rights or interests founded substantially on federal law. There is no diversity of citizenship jurisdiction asserted under 28 U.S.C. § 1332. However, the legal malpractice claims asserted against Attorney Hennigan are state law claims and this Court has no independent basis of subject matter jurisdiction over those claims. Therefore, as

the claim under § 1985(3) must be dismissed as discussed above, the malpractice claims must also be dismissed. If the federal claim is not dismissed, however, the Court should still dismiss the malpractice claims for lack of subject matter jurisdiction.

The plaintiff must rely on supplemental jurisdiction in order for the legal malpractice claim to be retained in these proceedings. The Court's supplemental jurisdiction is set forth in 28 U.S.C. § 1367 which states in relevant part: ". . . [T]he district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy. . . ." This statute codified the Supreme Court's analysis in United Mine Workers v. Gibbs, 383 U.S. 715 (1966). See Sinclair v. Soniform, Inc., 935 F.2d 599, 603 (3d Cir. 1991); Bridges v. Eastman Kodak Co., 800 F. Supp. 1172, 1178 (S.D.N.Y. 1992). The Court stated in Gibbs that a federal court may exercise supplemental jurisdiction over a state claim whenever it is joined with a federal claim and the two claims "derive from a common nucleus of operative fact" and the plaintiff "would ordinarily be expected to try them both in one judicial proceeding." Gibbs, 383 U.S. at 725; Brown v. Trustees of Boston University, 891 F.2d 337, 356 (1st Cir.), cert. denied, 496 U.S. 937 (1989).

Here, the malpractice claim is not so related to the remaining claims that it forms part of the same case or controversy. The legal malpractice claim essentially alleges that Attorney Hennigan breached his fiduciary duty to the plaintiff by accepting representation of another client with interests adverse to those of the plaintiff. *(Amended Complaint, ¶¶ 22, 42)*. The remaining claims have nothing to do with this attorney-client relationship. It is important to note that the plaintiff seeks class action status for this suit and describes the class as "those individuals against whom adverse employment decisions were made without the affected employee having an opportunity, equal to other citizens of Massachusetts, to challenge those decisions under the

7

civil service laws." *(Amended Complaint, ¶ 3)*. These individuals and the allegations that their rights were violated have no relationship whatsoever to the professional relationship between the plaintiff and Attorney Hennigan or to any alleged conflicts of interest.

Even as to the plaintiff herself, there is no common nucleus of operative facts between her civil rights claims and the malpractice claim. Rather, the plaintiff would be expected to try each separately. This conclusion is supported by the role of plaintiff's current counsel in the malpractice claim. Plaintiff alleges that she would have had "a strong direct evidence case" had Attorney Hennigan deposed a coworker. Plaintiff's counsel in this litigation, Attorney Shea, subsequently represented plaintiff in the MCAD claim and did not depose that coworker. Therefore, Attorney Shea is a fact witness to these allegations and a necessary witness in the defense of the malpractice claim.

Accordingly, there is no supplemental jurisdiction over the malpractice claims.

## D.  Court Should Not Exercise Discretionary Supplemental Jurisdiction

Even should the Court find that the malpractice claims are related to the remaining claims such that they form part of the same case or controversy, the Court's exercise of supplemental jurisdiction is discretionary. 28 U.S.C. § 1367(c). District courts have broad discretion when making decisions regarding supplemental jurisdiction. Vera-Lozano v. Int'l Broad., 50 F.3d 67, 70 (1st Cir. 1995). In deciding whether to exercise supplemental jurisdiction, a district court must examine the totality of the circumstances. See Rodriguez v. Doral Mortg. Corp., 57 F.3d 1168, 1177 (1st Cir. 1995). This includes giving consideration to such issues as "comity, judicial economy, convenience, fairness and the like." Roche v. John Hancock Mut. Life Ins. Co., 81 F.3d 249, 257 (1st Cir. 1996).

Here, the totality of the circumstances argues against the discretionary exercise of supplemental jurisdiction. First Circuit Courts have consistently held that the federal courts lack subject matter jurisdiction over claims for legal malpractice and/or breach of contract. See, e.g., Agbosasa v. Cooper, 1993 U.S. App. LEXIS 13737; Gonzalez v. Arana, 1995 U.S. App LEXIS 41280; Murray v. Perlow, 2004 U.S. App. LEXIS 8979. Moreover, the remaining defendants should not be subject to the monitoring of and attendance at the extensive discovery necessary to prosecute and defend a malpractice claim which will predominate over the civil rights claims. See 28 U.S.C. § 1367(c)(2). Likewise, Attorney Hennigan should not be subject to the time and expense associated with discovery for the civil rights claims in which he played no part. Finally, for the reasons set forth above, these claims should be tried separately from the civil rights claim. The plaintiff's attempt to connect the malpractice claims with the civil rights claim through unfounded allegations of conspiracy is a transparent attempt to gain federal jurisdiction over the malpractice claims and should not be allowed.

E. **Plaintiff Fails to Establish Facts Sufficient to Support Claim for Conspiracy to Breach Contract and Fiduciary Duty.**

Count VI of Plaintiff's Complaint – Conspiracy to Breach Contract and Fiduciary Duty - alleges that Attorney Hennigan, the City of Worcester and David M. Moore conspired to breach Hennigan's attorney-client contract and its related fiduciary obligations to plaintiff. For the reasons discussed above, this malpractice claim should be dismissed for lack of subject matter jurisdiction. However, if the Court finds such subject matter jurisdiction, the claim should be dismissed for failure to state a claim pursuant to Fed. R.Civ. P. 12(b)(6).

A claim for conspiracy to breach a contract requires evidence that a breach of contract occurred in addition to the elements of conspiracy. Wigwam Assocs. v. McBride, 4 Mass. L. Rep. 461 (Mass. Super. Ct. 1995). In order to establish a claim for conspiracy, plaintiff must

show "a combination of two or more persons acting in concert to commit an unlawful act, or to commit a lawful act by unlawful means, the principal element of which is an agreement between the parties to inflict a wrong against or injury upon another." Therrien v. Hamilton, 849 F. Supp. 110, 115 (D. Mass. 1994). "The plaintiff need not show that such an agreement was express; a conspiracy may be implied from the circumstances." Hunt v. Weatherbee, 626 F. Supp. 1097, 1107 (D. Mass. 1986), citing Dickerson v. U.S. Steel Corp., 439 F. Supp. 55, 67 (E.D. Pa. 1977).

Here, there are no factual allegations alleging that an agreement to breach the attorney-client contract and its fiduciary obligations, express or otherwise, existed among the City of Worcester, Moore and Attorney Hennigan. Footnote 6 to the Amended Complaint (Page 8 of 12) asserts that Hennigan represented Moore in contract negotiations with the City. However, it does not allege any conspiratorial conduct with respect to the plaintiff's interests. Accordingly, Count VI fails to state a claim upon which relief can be granted and should be dismissed.

## IV.    CONCLUSION

The Amended Complaint is nothing more than a broad brush seeking to resolve all perceived wrongs arising out of plaintiff's employment with the City of Worcester. The Amended Complaint wrongfully seeks to involve Attorney Hennigan in a complex class action arising out of the alleged systemic failures of the City of Worcester employment classification scheme. In this light, the inclusion of the malpractice claims with the broader class action claims can only be seen as a legal stratagem to inflict disproportionate costs and expenses upon Attorney Hennigan to compel settlement. Such an improper use of process should not be countenanced.

Based on the foregoing points and authorities, Attorney Hennigan respectfully requests that this Court dismiss Counts II, IV and VI of the Amended Complaint with prejudice as against him.

| | |
|---|---|
| **CERTIFICATE OF SERVICE**<br>I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2006.<br><br>DATED: January 11, 2006 | DEFENDANT,<br>ROBERT J. HENNIGAN, JR.,<br>By his Attorneys,<br><br>/s/ Robert J. Murphy<br>Robert J. Murphy BBO# 363760<br>Joel D. Hillygus BBO# 657119<br>MURPHY & RILEY, P.C.<br>141 Tremont Street<br>Boston, MA 02111<br>(617) 423-3700 |

11