U.S. DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA JENESKI,<br>And Class of Similarly<br>Situated Individuals,<br>    Plaintiffs,<br><br>V.<br><br>CITY OF WORCESTER, MASS.,<br>STEPHEN H. WILLAND, DONALD H.<br>ANDERSON, CARLENE BULL,<br>ROBERT J. HENNIGAN, JR.,<br>DAVID M. MOORE, Individually, and<br>MASACHUSETTS ADMINISTRATOR<br>OF HUMAN RESOURCES<br>    Defendants. | CIVIL ACTION NO. 05-40019 FDS |

## MOTION OF ROBERT J. HENNIGAN, JR. TO DISQUALIFY PLAINTIFF'S COUNSEL

Defendant Robert J. Hennigan, Jr. ("Hennigan") respectfully requests that this Court disqualify plaintiff's counsel, Attorney Daniel J. Shea ("Shea"), from continued representation of plaintiff in this matter based on the following points and authorities.

Plaintiff has brought a legal malpractice claim against Hennigan for negligence and an alleged conflict of interest in his representation of her in a MCAD claim against the City of Worcester. Plaintiff also attempts to allege circumstantially that, because Hennigan represented city employees, he must have been part of a greater conspiracy to deprive Ms. Jeneski of her civil rights and to breach her attorney/client relationship with Hennigan.

In support of these allegations, plaintiff alleges that she would have had "a strong direct evidence case" had Hennigan deposed a coworker. She also points to various dealings between Hennigan, the City of Worcester and various City employees.

The testimony of plaintiff's counsel in the present litigation, Attorney Shea, is necessary to the defense of the claims made against Hennigan in this matter for three reasons. First,

because of his subsequent representation of the plaintiff in the MCAD claim, he is a potential defendant in this matter by way of direct complaint or by a third-party complaint. As he represented the plaintiff while the MCAD claim was still active, he was involved in the outcome of which the plaintiff complains. If, as alleged in the Complaint, Attorney Hennigan was negligent, Attorney Shea had the opportunity to obviate any damages to plaintiff during his subsequent representation of plaintiff. Since the case was dismissed, it must have been as a result of either (1) the lack of any merit to the suit (in which case plaintiff suffered no compensable damages) or (2) Attorney Shea was also negligent in the representation of plaintiff (in which case he is a viable third party defendant).

Second, Shea subsequently represented plaintiff in the MCAD claim after Hennigan's unilateral discharge by the plaintiff and prior to the final resolution of the claim. Accordingly, his subsequent acts in representing the plaintiff in the MCAD claim are relevant to the standard of care to which Hennigan should be held and the alleged violation of that standard of care.

Finally, in the Amended Complaint at footnote 6, Shea opines that plaintiff would have had "a strong direct evidence case" had Hennigan deposed a certain coworker in the MCAD claim. However, Shea did not subsequently depose that coworker after his representation of the plaintiff began in the MCAD claim. Therefore, his opinion is relevant both to standard of care and causation issues.

It will be necessary for defendant to depose Shea regarding the issues discussed above in order to show that no malpractice occurred and that no conspiracy existed. Defendant has disclosed Shea as a witness with discoverable information in the initial disclosures required by Fed. R. Civ. P. 26(a)(1).

Rule 3.7 of the Massachusetts Rules of Professional Conduct states as follows:

*Rule 3.7 Lawyer as Witness*

> *(a) A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness except where:*
>
> > *(1) the testimony relates to an uncontested issue;*
> >
> > *(2) the testimony relates to the nature and value of legal services rendered in the case; or*
> >
> > *(3) disqualification of the lawyer would work substantial hardship on the client.*
>
> *(b) A lawyer may act as advocate in a trial in which another lawyer in the lawyer's firm is likely to be called as a witness unless precluded from doing so by Rule 1.7 or Rule 1.9.*

Here, as discussed above, Shea is a necessary witness in this matter and he <u>shall</u> <u>not</u> act as plaintiff's counsel as none of the three exceptions to the rule applies. His testimony does not relate to an uncontested issue or the nature of legal services rendered in the case. Further, there is no evidence that his disqualification would work a substantial hardship on the plaintiff. There are a number of Massachusetts based attorneys who handle claims of this nature.

Comment [2] following the Rule details the inherent conflict between Shea's roles as an advocate and a witness:

> The opposing party has proper objection where the combination of roles may prejudice that party's rights in the litigation. A witness is required to testify on the basis of personal knowledge, while an advocate is expected to explain and comment on evidence given by others. It may not be clear whether a statement by an advocate-witness should be taken as proof or as an analysis of the proof.

However, Shea's continued representation of plaintiff in this matter may also prejudice plaintiff. "Combining the roles of advocate and witness can prejudice the opposing party and can involve a conflict of interest between lawyer and client." Model Rules of Professional Conduct Rule 3.7 cmt. 1.[1] The principal ethical considerations to a lawyer testifying on behalf of

---

[1] The Massachusetts Rule is identical to the corresponding ABA Model Rule.

3

his client regarding contested issues are that the client's case will "be presented through the testimony of an obviously interested witness who is subject to impeachment on that account; and that the advocate is, in effect, put in the unseemly position of arguing his own credibility." Siguel v. Allstate Life Ins. Co., 141 F.R.D. 393, 396 (D. Mass. 1992) (quoting ABA Comm. on Ethics and Professional Responsibility, Formal Op. 339 (1975)). "Although there are degrees of adverse testimony, there are few, if any, situations that justify acceptance or continued employment in this circumstance." Siguel v. Allstate Life Ins. Co., 141 F.R.D at 396. All of these concerns are present here.

In addition to the prejudice to the defendant and the plaintiff, Shea's continued representation of the plaintiff may cause confusion to the jury. His testimony at trial implicates "the possibility of the trier according testimonial credit to [his] closing argument," United States v. Johnston, 690 F.2d 638, 643 (7th Cir. 1982) – or that the jury will weigh his testimony as if it were argument.

Based on the foregoing points and authorities, Attorney Hennigan respectfully requests that this Court disqualify Attorney Shea from continued representation of the plaintiff in this matter.

**CERTIFICATE OF SERVICE**
I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on January 11, 2006.

DATED: January 11, 2006

DEFENDANT,
ROBERT J. HENNIGAN, JR.,
By his Attorneys,

Robert J. Murphy BBO# 363760
Joel D. Hillygus BBO# 657119
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111
(617) 423-3700

4