IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDA JENESKI, And Class of Similarly Situated Individuals, | § § § § | |
| PLAINTIFFS, | § § § | |
| -vs.- | § § | NO. 05-40019-FDS |
| CITY OF WORCESTER, MASS.; STEPHEN H. WILLAND, DONALD H. ANDERSON, CARLENE BULL, ROBERT J. HENNIGAN, JR., and DAVID M. MOORE, Individually; | § § § § § § § | |
| DEFENDANTS. | § | |

### PLAINTIFF'S OPPOSITION TO DEFENDANT ROBERT J. HENNIGAN, JR.'S MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL

PLAINTIFF LINDA JENESKI opposes the *Motion to Disqualify Plaintiff's Counsel (Doc. #31)* and in support of her position she would show as follows:

I. RELEVANT LAW: THE BORMAN TEST

Notwithstanding the purposes served, application of the rule may have harsher consequences for the client than the continued service of the attorney. Most obviously, the rule may deny a litigant of the right to counsel of his choice. G. L. c. 221, § 48. Cf. 28 U.S.C. 1654 (1976); *W.T. Grant Co. v. Haines*, 531 F.2d 671, 677 (2d Cir. 1976). When disqualification occurs after employment has begun, it temporarily (and possibly permanently) disables the litigant in his effort to prosecute a claim or mount a defense. *It is not surprising therefore that the code has been used increasingly as a catalog of pretrial tactics*. When needless disqualification occurs as a result of these tactics, the very rules intended to prevent public disrespect for the legal profession foster a more dangerous disrespect for the legal process. We therefore take this opportunity to state that first and foremost, the code is self-executing. We expect lawyers to know and comply with its provisions. If an attorney is unsure whether in a given case his conduct violates the code, he should terminate the questionable conduct or seek the advice of the appropriate Committee on Ethics and Professional Responsibility. If he persists in questionable conduct, he risks disciplinary action including disbarment. When a lawyer, exercising his best judgment, determines that his employment will not bring him into conflict with the

code, disqualification may occur only if the trial court determines that his continued participation as counsel taints the legal system or the trial of the cause before it. *See W.T. Grant Co. v. Haines, supra* ; *Greenbaum-Mountain Mortgage Co. v. Pioneer Nat'l Title Ins.*, 421 F. Supp. 1348, 1353 (D. Colo. 1976); *Comden v. Superior Court, supra* at 919 (Manuel, J., Dissenting). But *cf. Freeman v. Kulicke & Soffa Indus., Inc.*, 449 F. Supp. 974, 977 (E.D. Pa. 1978), *aff'd,* 591 F.2d 1334 (3d Cir. 1979).

*Borman v. Borman*, 393 N.E.2d 847, 378 Mass. 775 (1979)(emphasis added).

[T]he *Borman* decision expects Judges to defer generally to the judgment of the attorney and client as to whether the attorney ought to be a witness or whether there exist equally efficacious ways of putting the gist of his expected testimony before the jury.  *See Gorovitz v. Planning Bd. of Nantucket*, 394 Mass. 246, 250, 475 N.E.2d 377 (1985); *Serody v. Serody*, 19 Mass. App. Ct. 411, 413, 474 N.E.2d 1171 (1985)."

*Byington v. City of Boston*, 640 N.E.2d 115 (Mass. App. 1994).

## II.  ANALYSIS

A decision under the *Borman* rule has already been presented to counsel for Mr. Hennigan as set forth in a letter dated January 3, 2006 attached hereto as Exhibit "A" and incorporated herein by reference as if set forth at length.  Further analysis would be inappropriate at this time.

## III.  REQUEST FOR RELIEF

Plaintiff Linda Jeneski asks the Court to deny the *Motion to Disqualify Plaintiff's Counsel*.

Respectfully submitted,

DANIEL J. SHEA, P.C.

By:   /s/Daniel J. Shea, ECF
     DANIEL J. SHEA
     B.B.O.# 652896
     1928 West Bell Street
     Houston, TX 77019-4814
     (713) 942-7500 Telephone
     (713) 942-7507 Telecopier
     (832) 647-3612 Mobile

ATTORNEY FOR LINDA JENESKI
AND PUTATIVE CLASS

# DANIEL J. SHEA, P.C.
1928 WEST BELL STREET, HOUSTON, TX 77019-4814
(713) 942-7500    (713) 942-7507 FACSIMILE    DJS7500@AOL.COM

DANIEL JOSEPH SHEA

ALSO ADMITTED IN
MASSACHUSETTS

January 3, 2006

Mr. Robert J. Murphy
MURPHY & RILEY, P.C.
141 Tremont Street
Boston, MA 02111-1209

Facsimile: (617) 423-1010
And U.S. Mail, First Class

RE: Case No. 05-40019-FDS; *Linda Jeneski et al. vs. City of Worcester et al.*; In the United States District Court for the District of Massachusetts, Central Division.

Dear Mr. Murphy:

I have in hand your letter of December 29, 2005 regarding the issue of disqualification.

Inasmuch as I was not privy to the relationship between Ms. Jeneski and Mr. Hennigan, I disagree that I have any relevant information that cannot be otherwise obtained by an attorney expert whom we will designate at an appropriate time.

If you feel that disqualification is mandated, please file a motion in time for me to respond to it before the next status conference on January 24, 2006.

Very truly yours,

Daniel J. Shea

cc: Linda Jeneski, w/encl.
Ms. Janet McGuiggan, w/encl.

EXHIBIT "A"
OPPOSE D/Q