IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDA JENESKI, <br> And Class of Similarly <br> Situated Individuals; <br><br>     Plaintiffs; <br><br>  -vs.- <br><br> CITY OF WORCESTER, MASS.; <br> STEPHEN H. WILLAND, DONALD <br> H. ANDERSON, CARLENE BULL, <br> ROBERT J. HENNIGAN, JR., DAVID <br> M. MOORE, Individually; and MASS- <br> ACHUSETTS ADMINISTRATOR OF <br> HUMAN RESOURCES; <br><br>     Defendants. | § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § <br> § | NO. 05-40019-FDS |

**PLAINTIFF'S SUPPLEMENT TO ORAL ARGUMENT ON THE ISSUE OF**

***COMMON NUCLEUS OF OPERATIVE FACTS* UNDER 29 U.S.C. § 1367(a)**

**AND ATTORNEY DISQUALIFICAITON**

COMES NOW LINDA JENESKI and supplements her January 24, 2006 oral argument requested by the Court on the issue of the extent to which her case against Defendant Robert J. Hennigan Jr. arises out of a common nucleus of operative facts as her case against the City of Worcester defendants.  This document also supplements her *Opposition to Defendant Robert J. Hennigan, Jr.'s Second Motion to Dismiss* (Doc. #32) which had anticipated the filing of *Plaintiff's First Amended Complaint With Rule 19 Additional Party* now on file (Doc. #34), pursuant to leave granted by the Court on January 24, 2006, (Electronic Order entered 01/25/2006).  It also supplements her *Opposition to Motion to Dismiss* (Doc. #33); *see* fn. 1, *infra.*

The purpose of this supplement is to provide the Court with specific references to Docs. ##

30 and 34 as part of her argument that discretionary exercise of supplemental jurisdiction over her causes of action against Mr. Hennigan is proper in this case.

## I.  THE MOTION TO DISMISS

Mr. Hennigan's *Motion to Dismiss the First Amended Complaint* (Doc. #30, hereafter "Motion at ___") seeks dismissal on the following points:

> Attorney Hennigan moves pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) that the Amended Complaint be dismissed as to him on the grounds that:
>
> (a)  This Court has no subject matter jurisdiction for the *legal malpractice* claim (Counts V and VI);
>
> (b)  Plaintiff had failed to allege sufficient facts to establish a conspiracy (Counts II and VI);
>
> (c)  Defendant Hennigan is immune from liability for the allegations of civil rights violations under § 1985(3)(Count II); and
>
> (d)  Plaintiff has failed to state a claim on which relief can be granted (Counts II and VI).

Motion at 2 (emphasis added).

Plaintiff wishes to point out to the Court that in the amended complaint she seeks supplemental jurisdiction on claims other than "legal malpractice." Thus, point (a) *supra*, in *Mr. Hennigan's Motion to Dismiss*, mis-characterizes the live pleadings as set forth below.

## II.  CLAIMS THAT INVOLVE MR. HENNIGAN
## THAT ARISE OUT OF A COMMON NUCLEUS OF OPERATIVE FACTS

Plaintiff's *First Amended Complaint* (Doc. #34, hereafter "Complaint at ___") is based on foundational federal claims over which the Court has federal question jurisdiction ". . . pursuant to 28 U.S.C. § 1331. The Constitutional deprivations are those of due process of law and equal protection of the laws, U.S. CONST. Amends. V and XIV, as statutorily implemented at 42 U.S.C.

§§ 1983, and 1985(3) *et seq. . . .*" Complaint at par. 1, pp. 1-2 (Counts I and II). She then alleges that Mr. Hennigan had, at the very least, actual knowledge of the foundational claims.

> HENNIGAN did not disclose that he was the author of or in any way involved with the development of the City's 1996 Plan of Reorganization which explicitly stated that the department in which plaintiff worked was to be called "Executive Office of Employment and Training," [quotation marks original], rather than "City Manager's Office of Employment and Training 'CMOET,'" as it was so named at all times relevant herein. Thus, from 1996 onward, if not before, HENNIGAN was aware of the 1972 unlawful civil service exemption that created a due process and equal protection violation by falsely prefacing "City Manager" departmental titles to unlawfully exempt employees like her from civil service protections by improperly invoking MASS. GEN. L. ch. 31 § 48.

Complaint at par. 22, p. 6.

> Notwithstanding this actual knowledge, she alleges that

> [P]laintiff spent in excess of $10,000.00 with HENNIGAN to pursue a fruitless claim before the Massachusetts Commission Against Discrimination (MCAD) when instead, the matters brought fourth in this suit were highly relevant to the unlawful motives behind her wrongful discharge and arguably, could have been brought forward in this forum in this manner. In effect. HENNIGAN had actual knowledge of the due federal due process and equal protection violations arising out of the unlawful civil service exemption, yet chose not to do so because of his conflicted relationship with the City as set forth more fully below.

*Id.*

> She then alleges that

> Several days before a probable cause hearing before the MCAD, plaintiff learned in the <u>Worcester Telegram & Gazette</u> (T&G) that HENNIGAN had been hired by the defendant City to represent it as a defendant in an employment discrimination case in federal court in Boston. She confronted the HENNIGAN with the patent disloyalty and lack of disclosure and discharged him.

*Id.* at par. 24, p. 8.

Then, based on the foundational claim, Mr. Hennigan's actual knowledge and arguable participation therein, and the facts alleged above, the amended complaint asserts the following causes of action in which Mr. Hennigan was intimately involved:

"At time of trial, plaintiff will prove that this defendant [City of Worcester] intentionally and tortiously interfered in her attorney-client relationship with the HENNIGAN defendant with the intent to perpetrate unlawful acts for which the City can itself be held criminally liable under *U.S. v. Bank of New England*."

Complaint at par. 39, pp. 10-11, IX. FOURTH COUNT: TORTIOUS INTERFERENCE IN CONTRACT.

Significantly, she alleges that Mr. Hennigan was *not* an unwilling recipient of the advances made to him by the City of Worcester defendant.

> At time of trial, plaintiff will prove that this defendant intentionally and tortiously breached his contract of employment and its related fiduciary obligations to her. She further pleads that this conduct is the proximate cause of her economic damages for which she seeks both compensatory and exemplary damages as provided by law.

Complaint at par. 42, p. 11, X. FIFTH COUNT: BREACH OF CONTRACT AND FIDUCIARY DUTY

Then, because of Mr. Hennigan's prior involvement with and actual knowledge of the foundational claims, the next causes of action logically follow:

> At time of trial, plaintiff will prove that this (sic) defendants intentionally and tortiously conspired to breach the attorney client contract and its related fiduciary obligations to her. She further that (a) there was a meeting of the minds among the defendants, (b) to achieve an unlawful end using unlawful means and (c) that the conspiracy is the proximate cause of her economic damages for which she seeks both compensatory and exemplary damages as provided by law.

Complaint at par. 45, p. 11, XI. SIXTH COUNT: CONSPIRACY TO BREACH CONTRACT AND FIDUCIARY DUTY.

### III. ANALYSIS

Contrary, then, to the assertion of "legal malpractice" in Mr. Hennigan's *Motion to Dismiss,* Ms. Jeneski's *First Amended Complaint* does not assert that cause of action. Legal malpractice,

without more, is a negligence tort. Instead, what Ms. Jeneski pleads are intentional torts (breach of fiduciary duty and conspiracy to breach contract and fiduciary duty), all intentional torts, that arise out of an intentional breach of contract.[1] In that regard, the intentional torts of Mr. Hennigan are inextricably intertwined with the intentional torts of the City of Worcester and its actors. Thus, those intentional torts arise out of a "common nucleus of operative facts" and this Court's exercise of supplemental jurisdiction under 29 U.S.C. § 1367(a) is proper. This exercise of supplemental jurisdiction will avoid the judiciary's interest in avoidance of inconsistent judgments.

IV.  REQUEST FOR RELIEF

Plaintiff requests that the *Motion to Dismiss* (Doc. #30) and *Motion to Disqualify* (Doc. #31) both be denied. She asks for such other and further relief, general or special, whether at law or in equity, to which she may be justly entitled.

Respectfully submitted,

DANIEL J. SHEA, P.C.


By:   /s/Daniel J. Shea, ECF
         DANIEL J. SHEA
         B.B.O.# 652896
         1928 West Bell Street
         Houston, TX 77019-4814
         (713) 942-7500 Telephone
         (713) 942-7507 Telecopier
         (832) 647-3612 Mobile
         djs7500@aol.com

ATTORNEY FOR LINDA JENESKI
AND PUTATIVE CLASS

---

[1] This also disposes of Mr. Hennigan's attempt to make plaintiff's counsel a fact witness or third party defendant arising out of a non-existent claim of "legal malpractice."

CERTIFICATE OF SERVICE

      I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NFC) and paper copies will be sent to those indicated as non-registered participants on January 26, 2005.

                                  /s/ Daniel J. Shea