UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

LINDA JENESKI,                )
And Class of Similarly        )
Situated Individuals,         )
    Plaintiffs          )
                       )
v.                            )          NO. 05-40019-FDS
                       )
CITY OF WORCESTER,            )
STEPHEN R. WILLAND,           )
DONALD H. ANDERSON,           )
CARLENE BULL,                 )
ROBERT J. HENNIGAN, JR.)
DAVID M. MOORE, and           )
MASSACHUSETTS                 )
ADMINISTRATOR OF              )
HUMAN RESOURCES,              )
    Defendants           )

MEMORANDUM OF LAW IN SUPPORT OF
DEFENDANTS CITY OF WORCESTER, STEPHEN R. WILLAND, DONALD H.
ANDERSON, CARLENE BULL, AND DAVID MOORE'S
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

I.     INTRODUCTION

      Plaintiff, Linda Jeneski, has brought Plaintiff's First Amended Complaint against

Robert J. Hennigan, Jr., the City of Worcester and four of the City's employees and the

Massachusetts Administrator of Human Resources, alleging that her layoff from

employment with the City of Worcester in September, 2002 was wrongful and further

that she was denied the opportunity to challenge the City's decision under civil service

laws.  (Amended Complaint, ¶ 21.)  Plaintiff hired Attorney Robert J. Hennigan, Jr. to

represent her in a discrimination claim related to her layoff.  (Amended Complaint, ¶ 22.)

After learning that Attorney Hennigan represented the City in an unrelated matter,

Plaintiff terminated Hennigan for a perceived conflict of interest.  (Amended Complaint, ¶ 24.)  Plaintiff alleges further that all of the Defendants conspired to deprive her of constitutional rights.  (Amended Complaint, Count II).  Finally, Plaintiff seeks to have a class action certified for all others similarly situation.  (Amended Complaint, ¶ 11.)

Plaintiff's First Amended Complaint asserts five claims against Defendant City of Worcester and the four City employees.  They are as follows:

Count I:     Violation of civil rights under 42 U.S.C. § 1983, including equal protection and due process, against the City of Worcester;

Count II:    Conspiracy to violate civil rights under 42 U.S.C. § 1985 against all of the Defendants;

Count III:   Wrongful discharge against the City of Worcester, Stephen ??? Willand, Donald H. Anderson and Carlene Bull;

Count IV:    Tortious interference with contract against the City of Worcester; and

Count VI:    Conspiracy to breach contract against the City of Worcester, Robert J. Hennigan, Jr. and David Moore.

Defendants City of Worcester, Stephen R. Willand, Donald H. Anderson, Carlene Bull and David Moore ("Defendants") now move this Court, pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6), to dismiss all claims against them on the grounds that Plaintiff fails to state a claim upon which relief can be granted, and, further, that this Court lacks subject matter jurisdiction.

II.    STANDARD OF REVIEW

In reviewing a Fed. R. Civ. P. 12(b)(6) motion for failure to state a claim, a court must first apply the notice pleading requirements of Fed. R. Civ. P. 8(a)(2).  Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F.3d 1, 5 (1st Cir. 2005).  Pursuant to Fed. R. Civ. P. 8(a)(2), a complaint is sufficient if it contains a short plain statement of

the claim showing the pleader is entitled to relief and gives the defendant fair notice of

the claim.  Id.  Further, the reviewing court must "assume the truth of all well-pleaded

facts and indulge all reasonable inferences that fit the plaintiff's stated theory of liability."

Id. (quoting In re Colonial Mortgage Bankers Corp., 324 F.3d 12, 15 (1st Cir. 2003).

However, the court is not required to lend credence to "bald assertions, unsupportable

conclusions, periphrastic circumlocutions, and the like."  Id. at 5-6 (quoting Aulson v.

Blanchard, 83 F. 3d 1, 3 (1st Cir. 1996).  Thus, a dismissal is proper if it is clear "that the

complaint, in light of the facts alleged, engenders no viable theory of liability."  Id. at 6.

Similarly, in reviewing a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of

subject matter jurisdiction, "the district court must construe the complaint liberally,

treating all well-pleaded facts as true and drawing all reasonable inferences in favor of

the plaintiffs."  Viquiera v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998).  Federal courts

are courts of limited jurisdiction, and, thus, federal jurisdiction is never presumed.  Id.

Rather, the plaintiff has the burden of proving the existence of federal jurisdiction.  Id.

III.    ARGUMENT

   A.   Counts I And II Of Plaintiff's First Amended Complaint Should Be Dismissed
        For Plaintiff's Failure To Bring Them Within The Applicable Statute Of
        Limitations, Thus Failing To State A Claim Upon Which Relief Can Be
        Granted.[1]

Count I of Plaintiff's First Amended Complaint alleges deprivations of due

process and equal protection under 42 U.S.C. § 1983.  Count II alleges a conspiracy to

deprive Plaintiff of due process and equal protection under 42 U.S.C. § 1983.  The crux

---

[1]      An argument that a plaintiff's claims are barred by the applicable statute of limitations is an issue
properly addressed in a motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), for failure to state a claim
upon which relief can be granted.  Blackstone Realty, LLC v. Federal Deposit Ins. Corp., 244 F.3d 193,
197 (1st Cir. 2001); LaChapelle v. Berkshire Life Ins. Co., 142 F.3d 507, 509 (1st Cir. 1998).

of Plaintiff's allegations as to Counts I and II are that she was not afforded the

opportunity under the civil service laws to challenge the City's decision to lay her off in

September, 2002.  (Amended Complaint, ¶ 3.)  Plaintiff contends that the so-called

deprivation constitutes a violation of her constitutional rights to due process and equal

protection.  (Amended Complaint, ¶¶ 30 and 33.)  Plaintiff had been employed in her

position as supervisor of the Career Assessment Unit stationed at the Welfare Offices of

the City Manager's Office of Employment and Training since 1988.  (Amended

Complaint, ¶ 14.)  It is undisputed that Plaintiff's position was as an at-will, non-civil

service employee.  In fact, Plaintiff states that "[t]he lack of civil service protection was

common knowledge among the employees based on the Executive Order [which was

enacted in 1972]."  (Amended Complaint, ¶ 21.)  Plaintiff was laid off from that position

in September, 2002.  (Amended Complaint, ¶ 21.)  A coworker, Paul Quinn, was also laid

off at the same time.  (Amended Complaint, ¶ 21.)

"The Supreme Court directs the federal courts adjudicating civil rights claims

under 42 U.S.C. § 1983 to borrow the statute of limitations applicable to personal injury

actions under the law of the forum state."  Street v. Vose, 936 F.2d 38, 39 (1st Cir. 1991),

citing Wilson v. Garcia, 471 U.S. 261, 276-280 (1985).  "In Massachusetts, that statute is

M.G.L. c. 260, § 2A, which provides, in relevant part, as follows: 'Except as otherwise

provided, actions of tort, … to recover for personal injuries, … shall be commenced only

within three years next after the cause of action accrues.'"  Id.  Alternatively, "[i]n 1986,

the Massachusetts legislature enacted a specific statute of limitations governing civil

rights actions.  Mass. G.L. c. 260, § 5B provides, 'Actions arising on account of

violations of any law intended for the protection of civil rights, .. shall be commenced

only within three years next after the cause of action accrues.'"  Id.  Since both statutes

contain the same three-year limitations period, they lead to the same result.  Id.

"The question of when a cause of action accrued is a matter of federal law."  Id.,

citing Rodriguez Narvaez v. Nazario, 895 F.2d 38, 41, n.5 (1st Cir. 1990).  "'The accrual

period for a Section 1983 action begins when the plaintiff knows or has reason to know

of the injury which is the basis of the action.'"  Id., quoting Torres v. Superintendent of

Police, 893 F.2d 404, 407 (1st Cir. 1990).  In the case at bar, it is undisputed that Plaintiff

knew that she was a non-civil service employee on her date of hire in 1988.  Moreover,

Plaintiff states in her Amended Complaint that the lack of civil service protection was

"common knowledge."  (Amended Complaint, ¶ 21.)  Plaintiff apparently contends,

however, that the limitations period began to run when she was laid off in 2002, when she

was not afforded a means under civil service laws to challenge the City's decision.

However, the date on which the effects of the allegedly wrongful act are felt is not the

relevant factor.  Chardon v. Fernandez, 454 U.S. 6, 8 (1981).  The alleged wrong in the

case at bar was that Plaintiff was denied civil service protection.  Thus, the relevant

inquiry is when Plaintiff knew or should have known that she did not have civil service

protections, which was her date of hire in 1988, rather than the date she was laid off in

2002.

Plaintiff worked in her non-civil service position with the City of Worcester for

approximately 14 years.  Yet, Plaintiff did not cry foul as to her non-civil service status

until she was laid off.  Plaintiff cannot enjoy the privileges of a non-civil service position

for her 14 years of employment, including not having to take a civil service exam as a

prerequisite to being hired, and complain at the end of her employment that she should

have been a civil service employee all along.  Plaintiff's layoff in 2002 may have been the date that she felt the effects of the allegedly wrongful deprivation of civil service status, but that is not the relevant factor.  <u>Chardon</u>, 454 U.S. at 8.  The limitations period accrued at her time of employment as a non-civil service employee in 1988, when she "knew or had reason to know of the injury which is the basis of the action."  <u>Torres</u>, 893 F.2d at 407.  Accordingly, the statute of limitations on Plaintiff's claims brought pursuant to 42 U.S.C. § 1983 ran in 1991 – approximately 14 years before the present action was brought.  Thus, Counts I and II of Plaintiff's First Amended Complaint should be dismissed for failing to state a claim upon which relief can be granted.

Count XII of Plaintiff's First Amended Complaint states categorically that "all statutes of limitations … are tolled by the doctrine of fraudulent concealment, back to 1972 [when the Executive Order went into effect]."  (Amended Complaint, ¶ 46.) Plaintiff fails to identify the source of such claimed tolling.  As a preliminary matter, it is unclear whether the federal doctrine of fraudulent concealment continues to apply to § 1983 actions, or whether state law governs the issue of equitable tolling.  <u>See</u> <u>Torres Ramirez v. Bermudez Garcia</u>, 898 F.2d 224, 229 & n.2 (1st Cir. 1990); <u>see</u> <u>also</u> <u>Rivera-Gomez v. de Castro</u>, 843 F.2d 631, 633 n.3 (1st Cir. 1988).  However, regardless of whether Plaintiff is claiming tolling under federal or state law, Plaintiff is not entitled to it, as nothing relative to civil service exemptions in the City of Worcester was concealed as to Plaintiff or anyone else for that matter.

"The doctrine of fraudulent concealment tolls the statute of limitations where a plaintiff has been injured by fraud and remains in ignorance of it without any fault or want of diligence or care on his part."  <u>Gonzalez v. United States</u>, 284 F.3d 281, 292 (1st

Cir. 2002) (citations omitted). To successfully invoke the doctrine of fraudulent concealment, two conditions must be met. Id. "First, the defendant raising the limitations defense must have engaged in fraud or deliberate concealment of material facts related to the wrongdoing. Second, the plaintiff must have failed to discover these facts within the normal limitations period despite his or her exercise of due diligence." Id., citing Demars v. General Dynamics Corp., 779 F.2d 95, 97 (1st Cir. 1985) (citations omitted). Furthermore, "it is axiomatic that the grounds for tolling statutes of limitations are more limited in suits against the government…." Benitez-Pons v. Commonwealth of Puerto Rico, 136 F.3d 54, 61 (1st Cir. 1998) (citations omitted).

Alternatively, under Massachusetts state law, "[a] statute of limitations cannot be tolled …, unless the plaintiff can show that the defendant 'concealed the existence of a cause of action through some affirmative act done with intent to deceive.'" Sousa v. BP Oil, Inc., 1995 WL 842003 (D. Mass.), quoting White v. Peabody Constr. Co., 386 Mass. 121, 133 (1982) (citation omitted). "Moreover, a cause of action cannot be deemed to have been fraudulently concealed if the plaintiff 'had knowledge of the facts that created it.'" Id., quoting White, 386 Mass. at 133 (citations omitted).

Plaintiff does not allege any act on the part of the City that satisfies both the federal and state law requirement of an affirmative act to conceal the alleged wrongdoing, in this case exempting Plaintiff's position from civil service status. In fact, to the contrary, Plaintiff points to the very public act of the City's 1972 issuance of an Executive Order, recorded with the City Clerk's Office, that authorized non-civil service positions under the Executive Office of the City Manager. (Amended Complaint, ¶ 13 and Exhibit A to Amended Complaint.) Additionally, it is undisputed that Plaintiff was

hired in a non-civil service capacity in 1988 and worked in that capacity for 14 years until she was laid off in 2002. Because Plaintiff does not, and cannot, allege that there was an affirmative act of concealment of Plaintiff's non-civil service status on the part of the City, Plaintiff is not entitled to invoke either the federal doctrine of fraudulent concealment or the state equitable tolling equivalent.

   B.   <u>Counts I and II of Plaintiff's First Amended Complaint Should Be Dismissed For Her Failure To Exhaust Administrative Remedies, Thus Depriving This Court Of Subject Matter Jurisdiction.</u>[2]

Counts I and II of Plaintiff's First Amended Complaint, for § 1983 violations and conspiracy to violate § 1983 respectively, are grounded in the City's alleged violation of State civil service laws. (Amended Complaint, ¶¶ 30 and 33.) Rather than recast the alleged state law violation as a federal constitutional claim, however, Plaintiff was required to avail herself of the remedy provided for under state law.

The Legislature enacted the civil service law, Mass. Gen. Laws c. 31, in large part to "assur[e] that all employees are protected against coercion for political purposes, and are protected from arbitrary and capricious actions." <u>Callahan v. Personnel Administrator for the Commonwealth</u>, 400 Mass. 597, 600 (1987). The Civil Service Commission ("the Commission") and the Human Resources Division, acting as the personnel Administrator, are responsible for interpreting and enforcing the provisions of the civil service law. <u>See</u> Mass. Gen. Laws. c. 31, §§ 1, 2, 3, and 5. Pursuant to Mass. Gen. Laws c. 31, § 2(b), the Civil Service Commission has the power and duty "[t]o hear

---

[2]     Failure to exhaust administrative remedies is an argument appropriately raised in a Fed. R. Civ. P. 12(b)(1) motion to dismiss for lack of subject matter jurisdiction. <u>U.S. v. Lahey Clinic Hospital, Inc.</u>, 399 F.3d 1, 8 n.6 (1st Cir. 2005); <u>Swirsky v. Nat'l Assoc. of Securities Dealers</u>, 124 F.3d 59, 62 (1st Cir. 1997).

and decide appeals by a person aggrieved by any decision, action or failure to act by the

administrator….”  An “aggrieved” person is defined as follows:

> [n]o person shall be deemed to be aggrieved under the
> provisions of this section unless such person has made
> specific allegations in writing that a decision, action, or
> failure to act on the part of the administrator was in
> violation of this chapter, the rules or basic merit principles
> promulgated thereunder and said allegations shall show that
> such person’s rights were abridged, denied, or prejudiced in
> such a manner as to cause actual harm to the person’s
> employment status.

Mass. Gen. Laws c. 31, § 2(b).  Judicial review is available, pursuant to Mass.

Gen. Laws c. 31, § 44.  However, the right to judicial review does not accrue until

administrative remedies have been exhausted.  See Mass. Gen. Laws 31, § 44;

Gill v. Board of Registration of Psychologists, 399 Mass. 724, 726 (1987), citing

East Chop Tennis Club v. Massachusetts Comm’n. Against Discrimination, 364

Mass. 444, 448 (1973).[3]

    In the present action, Plaintiff’s Complaint should be dismissed for her

failure to exhaust administrative remedies by not filing a request for review with

the Commission to determine whether her position is subject to civil service law,

---

[3]    In Bostonian Environmental Sanitation Inspectors Assoc., 794 F.2d 12 (1st Cir. 1986), a city employee union brought a civil rights action against the city and several others alleging breach of seniority, promotion and other rights in violation of state statutes and applicable collective bargaining agreements.  The First Circuit upheld the District Court’s dismissal of the appellants’ § 1983 claims on the grounds that the appellants did not avail themselves of potential state remedies such as Massachusetts Labor Relations Commission procedures, a state court action, or a state court mandamus petition. Id. at 13.  The First Circuit agreed with the District Court “that the appellants cannot complain of a violation of procedural due process rights when appellants have made no attempt to avail themselves of existing state procedures.”  Id.  The Court stated further that “[i]t is well-settled that a ‘claim of lack of available due process fail[s] on the merits [where] there [is] a process available under state law.’”  Id., quoting Limerick v. Greenwald, 749 F.2d 97, 99 (1st Cir. 1984).  “We cannot be sympathetic to a party who elects to forego the [state] hearing provided him, and then complains he received none…. Since a sufficiently timely hearing was available to them, [appellants] cannot bootstrap themselves into the federal court by failing to seek it.”  Id., quoting Roslindale Cooperative Bank v. Greenwald, 638 F.2d 258, 261 (1st Cir.), cert. denied 454 U.S. 831 (1981).

as is required by Mass. Gen. Laws c. 31, § 2.  "[Massachusetts courts] have long

followed the rule that 'in the absence of a statutory directive to the contrary, the

administrative remedies should be exhausted before resort to the courts.'"  <u>Gill</u>,

399 Mass. at 726, quoting <u>East Chop Tennis Club</u>, 364 Mass. at 448 (citations

omitted).  "The requirement that parties exhaust their administrative remedies

before seeking [judicial] review … is a sound principle of law and jurisprudence

aimed at preserving the integrity of both the administrative and judicial

processes."  <u>Gill</u>, 399 Mass. at 727 (citation omitted).  Moreover, "allowing the

administrative process to run its course before permitting full appellate review

gives the administrative agency in question a full and fair opportunity to apply its

expertise to the statutory scheme which, by law, it has the primary responsibility

of enforcing."  <u>Gill</u>, 399 Mass. at 727 (citation omitted).    Accordingly, Counts I

and II of Plaintiff's First Amended Complaint, which, in effect, allege violations

of state civil service laws, should be dismissed for Plaintiff's failure to pursue the

available administrative remedies under the civil service laws, thus depriving this

Court of jurisdiction.

C.     <u>Counts I And II Of Plaintiff's First Amended Complaint Should Be
       Dismissed For Plaintiff's Failure To Allege Cognizable Claims Under 42
       U.S.C. § 1983 In That A Violation Of State Law Alone Does Not, As A
       Matter Of Law, Give Rise To A Constitutional Violation</u>.

While Counts I and II of Plaintiff's First Amended Complaint purport to allege

violations of Plaintiff's federal constitutional rights, in fact they merely recast an alleged

violation of state civil service law as a violation of a Constitutional right.  However, "a

violation of state law[] is not inherently sufficient to support a § 1983 claim."  <u>Boveri v.

Town of Saugus</u>, 113 F.3d 4, 7 (1st Cir. 1997) (citations omitted); <u>see also</u> <u>Boston</u>

Environmental Sanitation Inspectors Assoc. v. City of Boston, 794 F.2d 12, 13 (1st Cir. 1986) (holding that claims that defendants breached state statutory provisions and applicable labor contracts could not form the basis of a civil rights action.).  In fact, "[e]ven bad faith violations of state law are not necessarily tantamount to unconstitutional deprivations of due process."  Id., quoting Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990) (holding that revocation of a license did not violate surveyor's procedural or substantive due process rights); see also David v. Scherer, 468 U.S. 183, 196 (1984).

In Boston Environmental, 794 F.2d 12 (1st Cir. 1986), a city employee union and its president brought a civil rights action, pursuant to 42 U.S.C. § 1983, against the City of Boston, the Massachusetts state personnel administrator, the Massachusetts Labor Relations Commission, the Commonwealth and others alleging breach of seniority, promotion and other rights in violation of state statutes and applicable collective bargaining agreements.  The First Circuit held that breached state statutory provisions and applicable labor contracts "cannot form the basis of a § 1983 action."  Id. at 13.  Similarly, in the case at bar, denial of civil service status allegedly in violation of the state civil service laws cannot form the basis of Plaintiff's § 1983 claims.  As such, Counts I and II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

> D.    Counts I and II of Plaintiff's First Amended Complaint Should Be Dismissed For Plaintiff's Failure To Allege Cognizable Claims Under 42 U.S.C. § 1983 In That Plaintiff Fails To Identity A Constitutional Right Of Which She Was Deprived.

The Supreme Court has held that there are two essential elements of a cause of action under 42 U.S.C. § 1983: (1) that the conduct complained of was carried out under color of state law, and (2) that this conduct deprived the plaintiff of rights, privileges, or

immunities secured by the Constitution or laws of the United States.  See Parratt v. Taylor, 451 U.S. 527, 535 (1981).  The second requirement cannot be met in the present action since it is well-settled law that non-civil service, at-will employment, such as Plaintiff's, is not a right secured by the Constitution or laws either of the United States or of the Commonwealth.  See Webster v. Motorola, Inc., 418 Mass. 425, 430 (1994); Flesner v. Technical Communications Corp., 410 Mass. 805 (1991); see also French v. United Parcel Serv., Inc., 2 F. Supp. 2d 128, 133 (D. Mass. 1998).  Therefore, Counts I and II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim for which relief can be granted under § 1983.

> 1.  *Plaintiff had no property right in her employment with the City, and, therefore, she was not entitled to procedural due process of law.*

Plaintiff alleges, pursuant to 42 U.S.C., § 1983, that the City deprived her of due process and equal protection of the law by employing her, and subsequently laying her off, in a non-civil service position, which Plaintiff claims should have been classified as a civil service position.  (Amended Complaint, ¶ 30.)  Plaintiff refers to this as the "civil service exemption scam."  (Amended Complaint, ¶ 30.)  In order to establish a procedural due process claim under § 1983, Plaintiff must allege evidence sufficient to establish four elements: that defendants, (1) acting under color of state law, (2) deprived plaintiff of (3) a property interest, as defined by state law, (4) without constitutionally adequate process.  See PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 30 (1st Cir. 1991).  In the present action, however, Plaintiff had no recognized property interest in her employment.

Only those individuals who are being deprived of a property or liberty interest are entitled to due process of law.  See Smith v. Comm'r of Mental Retardation, 409 Mass.

545, 548-49 (1991) (holding a provisional state employee had no protectable property interest in her position); see Board of Regents of State Colleges v. Roth, 408 U.S. 564 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Board of Regents of State Colleges v. Roth, 408 U.S. at 577. Property interests are not created by the Constitution. Rather, they "are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law – rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Id.; see School Committee of Hatfield v. Board of Education, 372 Mass. 513, 515 (1977).

As a general rule, at-will employees have no protected property interest in their employment. See Wright v. Shriners Hospital for Crippled Children, 412 Mass. 469, 472 (1992) (citation omitted). Thus, as a non-civil service, at-will employee, Plaintiff had no property interest in her position, nor does she have "a legitimate claim of entitlement" in her continued employment with the City. Board of Regents of State Colleges v. Roth, 408 U.S. at 577. Therefore, Plaintiff's claim for violation of procedural due process should be dismissed.

Moreover, Plaintiff cannot create any substantive property interest by relying upon State statutory provision(s) that provide removal procedures, such as notice or a pre-termination hearing, as a "statute that merely conditions an employee's removal on compliance with certain specified procedures, does not establish a constitutionally protected property interest in the position." See Smith v. Comm'r of Mental Retardation,

409 Mass. 545, 549 (1991) (citations omitted); cf. Ruggieri v. City of Somerville, 10

Mass. App. Ct. 43, 45 (1980) (holding that public employees without tenure or civil

service status "do not have a right to notice or a hearing before discharge").

Finally, a claim of lack of available due process fails on the merits where there is

a process available under state law.  See Limerick v. Greenwald, 749 F.2d 97, 99 (1st Cir.

1984).  As detailed above, Plaintiff had process available to her through State civil

service laws, but failed to avail herself of the same.  Consequently, Plaintiff's claim for

violation of procedural due process should be dismissed.

Since Plaintiff has failed to allege facts sufficient to state a protected property

interest in her employment with the City, this Court need not reach the question of

whether Plaintiff was entitled to or received due process.  See Coyne v. City of

Somerville, 972 F. 2d 440, 443 (1st Cir. 1992).

> 2.  *Plaintiff's allegations are insufficient to make out a*
> *claim under either of the two categories of a*
> *substantive due process violation, as Plaintiff did not*
> *have a property interest in her employment with the*
> *City nor was the City's conduct such that it "shocked*
> *the conscience."*

Alternatively, if Plaintiff is claiming a deprivation of substantive due process, her

claim must also fail, as "[i]t goes without saying that if one cannot make out the sort of

property and/or liberty interest to which procedural due process attaches, one cannot

make out a claim for substantive due process."  Coyne v. City of Somerville, 770 F.

Supp. 740, 749 n.15 (D. Mass. 1991).  In the event that this Court reaches the inquiry as

to whether there was a violation of substantive due process rights, the analysis is as

follows.

"The doctrine of substantive due process forbids state action that would offend the Constitution regardless of the procedure regulating it." Welch v. Paicos, 66 F. Supp. 2d 138, 166 (D. Mass. 1999), citing Amsden v. Moran, 904 F.2d 748, 753-54 (1st Cir. 1990). "[S]uch claims fall into two categories. [First,] [w]hen a plaintiff can 'demonstrate a violation of an identified liberty or property interest protected by the substantive due process clause,' [her] claim is resolved under substantive due process precedents concerning the interest." Welch, 66 F. Supp. 2d at 166, quoting Pittsley v. Warish, 927 F.2d 3, 6 (1st Cir. 1991). Second, "[w]hen a plaintiff cannot claim such a specific protected interest, … a violation of the substantive due process clause [can only be demonstrated] by showing state action that 'shocks the conscience or offends the community's sense of fair play and decency.'" Welch, 66 F. Supp. 2d at 166, quoting Rochin v. California, 342 U.S. 165, 173 (1952) (citation omitted). In other words, in order to "transgress [a plaintiff's] federal constitutional rights [the alleged due process deprivation must be] 'shocking or violative of universal standards of decency.'" Amsden, 904 F.2d at 757, quoting Furtado v. Bishop, 604 F.2d 80, 95 (1st Cir. 1979); Rochin v. California, 342 U.S. 165, 172 (1952).

Plaintiff has failed to allege facts sufficient to satisfy either category of a substantive due process claim. First, Plaintiff does not have a protected property interest in her employment with the City, as is detailed above. Second, Plaintiff does not allege conduct that was so "shocking or violative of universal standards of decency," Furtado, 604 F.2d at 95, as to transgress Plaintiff's federal constitutional rights. Plaintiff was laid off from a non-civil service position in which she had no protected property right. At most, one might argue that the City is in violation of State civil service laws by

exempting Plaintiff's position, as well as those in her department, out of civil service. However, "[i]t is bedrock law in this circuit, …, that violations of state law – even where arbitrary, capricious, or undertaken in bad faith – do not, without more, give rise to a denial of substantive due process under the U.S. Constitution." Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992), citing PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31-32 (1st Cir. 1991); Amsden v. Moran, 904 F.2d 748, 757 (1st Cir. 1990); Chiplin Enterprises, Inc. v. City of Lebanon, 712 F.2d 1524, 1528 (1st Cir. 1983). Accordingly, even assuming the City is in violation of State civil service laws, and even if said violation was improperly motivated as Plaintiff alleges, Plaintiff was not unconstitutionally deprived of substantive due process as a matter of law.  Thus, Plaintiff's claims for due process violations should be dismissed.

    3. *Plaintiff fails to allege that she was the subject of "purposeful discrimination," or that she was selectively treated based upon impermissible considerations such as race or religion.*

  Plaintiff also claims, pursuant to 42 U.S.C., § 1983, that she was denied "equal protection of the law" as a result of the alleged "civil service exemption scam." Plaintiff's Complaint, ¶ 27.  "The Equal Protection Clause contemplates that similarly situated persons are to receive substantially similar treatment from their government." Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004).  "[A]n equal protection claim requires [a plaintiff] to 'demonstrate that she was treated differently because of her membership in a certain class.'"  Ford v. Town of Grafton, 44 Mass. App. Ct. 715, 729 (1998), quoting Watson v. Kansas City, 857 F.2d 690, 696 (10th Cir. 1988).  To survive a motion to dismiss on her equal protection claim, plaintiff must set forth facts sufficient to convey that, "compared with others similarly situated, [s]he was selectively treated … based on

impermissible considerations, such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Tapalian v. Tusino, 377 F.3d 1, 5 (1st Cir. 2004) (citations omitted).  In other words, "a showing of disproportionate impact alone is not enough to establish a constitutional violation," Soto v. Flores, 103 F.3d 1056, 1067 ((1997) (citation omitted), "purposeful discrimination is 'the condition that offends the Constitution.'"  Id., quoting Personnel Administrator v. Feeney, 442 U.S. 256, 274 (1979).  "The Supreme Court has defined discriminatory purpose as being:

> more than intent as volition or intent as awareness of consequences …. It implies that the decisionmaker … selected or reaffirmed a course of action at least in part 'because of,' not merely 'in spite of' its adverse effects upon an identifiable group.

Id. (citation omitted).  Moreover, an equal protection claimant "'may not prevail [against a Rule 12(b)(6) motion] simply by asserting an inequity and tacking on the self-serving conclusion that the defendant was motivated by a discriminatory animus.'"  Coyne v. City of Somerville, 972 F.2d 440, 444 (1st Cir. 1992) (citation omitted).

Plaintiff alleges that she was denied the equal protection of the civil service laws. (Amended Complaint, ¶¶ 30 and 33.)  As set forth above in sections D(1) and (2), Plaintiff does not have a fundamental constitutional right in her employment with the City of Worcester.  As such, Plaintiff's equal protection claim cannot be based on her membership in a suspect class.  Accordingly, one must assume that Plaintiff is basing her equal protection claim on "malicious or bad faith intent to injure a person."  Tapalian, 377 F.3d at 5, it must fail.  However, Plaintiff's factual allegations regarding "bad faith" are inadequate.  See Rubinovitz v. Rogato, 60 F.3d 906, 909-10 (1st Cir. 1995); cf.

<u>Yerardi's Moody St. Rest. & Lounge, Inc. v. Board of Selectmen</u>, 932 F.2d 89, 94 (1st Cir. 1991) (noting that where plaintiff does not rest "equal protection" claim on alleged violation of fundamental constitutional right, it is essential that it "scrupulously meet" the "bad faith" element of its claim).  The mere fact that the City of Worcester arguably violated state law by exempting positions, including Plaintiff's, from civil service laws has no direct bearing on whether Plaintiff's equal protection rights were violated.  <u>See</u> <u>Coyne</u>, 972 F.2d at 444 n.7.  Moreover, "the mere existence of disparate treatment – even widely disparate treatment – does not furnish adequate basis for an inference that the discrimination was [impermissibly] motivated." <u>Soto v. Flores</u>, 103 F.3d 1056, 1067 (1st Cir. 1997).  In the case at bar, Plaintiff fails to make any allegation that the City of Worcester's decision to issue an executive order in 1972 exempting certain positions from civil service laws was impermissibly motivated.  At most, Plaintiff asserts that the executive order was in violation of state law (Amended Complaint, ¶ 4.), which is insufficient, as a matter of law, to satisfy the pleading requirements of an equal protection claim based on bad faith.  (See argument C set forth above.)

Since Plaintiff has failed to identify a Constitutional right of which she was deprived, Plaintiff's claims for due process and equal protection violations must be dismissed as a matter of law.  Accordingly, Counts I and II of Plaintiff's First Amended Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim.

      E.    <u>Count II of Plaintiff's First Amended Complaint Should Be Dismissed For Plaintiff's Failure To Allege Sufficient Facts To Support Her Claim That All Defendants Conspired To Deprive Plaintiff Of Constitutional Rights</u>.

Count II of Plaintiff's First Amended Complaint alleges that <u>all</u> of the Defendants engaged in a conspiracy to deprive her of Constitutional rights.  "`To state a claim under § 1985, [a] plaintiff must allege: (1) a conspiracy to violate his constitutional rights; and (2) some racial or other class-based discriminatory animus behind the conspirators' actions.'"  <u>Gross v. Bohn</u>, 782 F. Supp. 173, 181 (citation omitted).  "Moreover, the complaint must state with specificity the facts demonstrating the existence and scope of the alleged conspiracy."  <u>Id.</u> (citations omitted).

Plaintiff's First Amended Complaint is devoid of any allegations of conspiracy whatsoever as to Defendants City of Worcester, Willand, Anderson, Bull and Moore. Plaintiff has utterly failed to plead specific facts in support of her conclusory allegations of the existence of a conspiracy.  <u>See Id.</u>  Accordingly, Count II of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

      F.    <u>The Remaining Claims Against Defendants, Counts III, IV and VI, Assert State Law Claims Over Which This Court Lacks Subject Matter Jurisdiction, And, As Such, They Should Be Dismissed</u>.

Plaintiff invokes supplemental jurisdiction pursuant to 28 U.S.C. § 1331 based on allegations that there has been a violation of rights or interests founded substantially on federal law.  Assuming that the federal claims are dismissed for the reasons detailed above, this Court should dismiss the remaining state law claims against the Defendants, wrongful discharge (Count III), tortious interference in contract (Count IV), and

conspiracy to breach contract and fiduciary duty (Count VI), for lack of subject matter jurisdiction.

In the event that the federal claims survive the Defendants' motion to dismiss, this Court could retain jurisdiction over the state law claims through the discretionary exercise of supplemental jurisdiction.  See Vera-Lozano v. Int'l. Broad, 50 F.3d 67, 70 (1st Cir. 1995).  In that case, the state law claims are addressed below.

> G.    Count III Of Plaintiff's First Amended Complaint, Alleging Wrongful Discharge, Should Be Dismissed As To The Individual Defendants Because Plaintiff's Only Remedy Is Against Her Employer – The City of Worcester, And Should Be Dismissed As Against The City of Worcester Because The Circumstances Of Plaintiff's Layoff, As Alleged, Did Not Violate Public Policy.

In Massachusetts, "an at-will employee may sue a former employer for wrongful discharge when that discharge can be shown to be in violation of a clearly defined public policy."  GTE Products Corporation v. Stewart, 421 Mass. 22, 26 (1995) (emphasis added); see Cullen v. E.H. Friedrich Co., 910 F. Supp. 815, 821 (D. Mass. 1995).  It follows that a non-civil service, at-will employee such as Plaintiff does not have a remedy against individual defendants Willand, Anderson, and Bull, as they are not an employer.  Accordingly, Count III of Plaintiff's First Amended Complaint should be dismissed as to Defendants Stephen R. Willand, Donald H. Anderson, and Carlene Bull.

Under the public policy exception to the at-will doctrine, "[r]edress is available for employees who are terminated for asserting a legally guaranteed right (e.g. filing a workers' compensation claim), for doing what the law requires (e.g. serving on a jury), or for refusing to do that which the law forbids (e.g. committing perjury)."  Smith-Pfeffer v. Superintendent of the Walter E. Fernald State School, 404 Mass. 145, 149-50 (1989).

"[W]hether there was a public policy violation is a question of law for the judge, and not for the jury." Id. at 151.

In the case at bar, Plaintiff apparently contends that she was laid off in an effort to conceal allegedly criminal conduct. (Amended Complaint, ¶ 36.) Plaintiff claims that she questioned how her time was charged on her time sheets with Defendant Bull. (Amended Complaint, ¶¶ 15 and 16.). Plaintiff claims further that she "suspected that earned but unexpended welfare funds, …, were being used to support the Regional Employment Board … but she was unaware, until advised by counsel, of the felony implications of this conduct on the part of the Willand defendant." (Amended Complaint, ¶ 18.) Plaintiffs allegations that she merely "questioned" a coworker regarding time-sheets and that she merely "suspected" welfare funds were being used to support the Regional Employment Board are insufficient to survive a motion to dismiss. See Smith-Pfeffer, 404 Mass. at 149-50. "[I]nternal matters, including internal policies, could not be the basis of a public policy exception to the at-will rule." Id. See also Martinez v. New England Medical Center Hospitals, Inc., 307 F. Supp. 2d 257, 266 (2004) (holding that plaintiff's claim was insufficient where she only reported alleged hospital violations to fellow staff members and friends).

While it is generally true that Massachusetts courts look to the substance of the complaint rather than to whom it is presented, the employee must have "a reasonable, good faith belief that the employer is violating the law…." Falcon v. Leger, 62 Mass. App. Ct. 352, 364 (2004). In the present action, Plaintiff's mere suspicions of wrongdoing do not constitute "a reasonable, good faith belief that the employer is violating the law." Id. Plaintiff is merely speculating as to the reasons for her layoff in

2002.  Moreover, her speculation is unreasonable in that she claims she had discussed time-sheet issues with Defendant Bull as far back as 1993 or 1994 (Amended Complaint, ¶ 15), and she suspected welfare monies were transferred to support the Regional Employment Board as far back as July, 2000 (Amended Complaint, ¶ 18).  Yet, she was not laid off until September, 2002 – a considerable amount of time after her suspicions and discussions were had.  Furthermore, Plaintiff does not allege that she knew of any criminal wrongdoing, but rather attributes that knowledge to her counsel.  (Amended Complaint, ¶ 19 n.5.)  And, finally, Plaintiff was not the only employee laid off in September, 2002; Paul Quinn was laid off at the same time.  (Amended Complaint, ¶ 21.)  Yet, Plaintiff's complaint does not allege that Paul Quinn had similar suspicions as Plaintiff.

Plaintiff's layoff from her non-civil service, at-will employment in September, 2002 was clearly not in violation of a clearly defined public policy.  As such, Count III of Plaintiff's First Amended Complaint should be dismissed for failure to state a claim.

> H.    Count IV Of Plaintiff's First Amended Complaint, Alleging Tortious Interference In Contract Against The City Of Worcester, Must Be Dismissed As The City Is Immune From Liability For Intentional Torts Pursuant To Mass. Gen. Laws c. 258, § 10(c).

Count IV of Plaintiff's First Amended Complaint, alleging tortious interference in contract against the City of Worcester, must be dismissed as the City is immune from liability for intentional torts pursuant to Mass. Gen. Laws c. 258, § 10(c).  Section 10(c) prohibits "any claim arising out of an intentional tort, including … interference with advantageous relations or interference with contractual relations…."  Mass. Gen. Laws c. 258, § 10(c) (emphasis supplied); Swanset Development Corp. v. City of Taunton, 423

Mass. 390, 397 (1996).  Therefore, § 10(c) bars Count IV, and it should be dismissed for failure to state a claim upon which relief can be granted.

I.     Count VI Of Plaintiff's First Amended Complaint, Alleging Conspiracy To Breach Contract And Fiduciary Duty, Should Be Dismissed As Against The City Of Worcester Because Mass. Gen. Laws c. 258, § 10(c) Bars Such A Claim, And Should Be Dismissed As Against Defendant Moore For Plaintiff's Failure To Assert Any Factual Allegations Whatsoever Against Him.

Count VI of Plaintiff's First Amended Complaint, alleging conspiracy to breach contract and fiduciary duty, should be dismissed as against the City of Worcester on the grounds that Mass. Gen. Laws c. 258, § 10(c) bars such a claim.  Section 10(c) prohibits "any claim arising out of an intentional tort, including … interference with advantageous relations or interference with contractual relations…."  Mass. Gen. Laws c. 258, § 10(c) (emphasis supplied); Swanset Development Corp. v. City of Taunton, 423 Mass. 390, 397 (1996).  Therefore, § 10(c) bars Count VI as against the City of Worcester, and it should be dismissed for failure to state a claim upon which relief can be granted.

Count VI of Plaintiff's First Amended Complaint should be dismissed as against Defendant Moore for Plaintiff's utter failure to assert any factual allegations whatsoever as to Moore, including any allegations of conspiratorial conduct.  The only mention of Defendant Moore in Plaintiff's First Amended Complaint is contained in ¶ 9, where Plaintiff identifies Moore as a Defendant.  The complaint is devoid of any other factual allegation as to Defendant Moore.  Accordingly, Count VI of Plaintiff's First Amended Complaint should be dismissed as against Defendant Moore for Plaintiff's failure to state a claim upon which relief can be granted.

IV.    <u>CONCLUSION</u>

For the foregoing reasons, this Court should grant Defendants City of Worcester,

Stephen R. Willand, Donald H. Anderson, Carlene Bull and David Moore's motion to

dismiss Plaintiff's First Amended Complaint.

Respectfully submitted,

DEFENDANTS CITY OF WORCESTER,
STEPHEN R. WILLAND, DONALD H.
ANDERSON, CARLENE BULL, and
DAVID M. MOORE,

By their attorney,


/s/ Janet J. McGuiggan
Janet J. McGuiggan (BBO #630013)
Assistant City Solicitor
City Hall, Room 301
455 Main Street
Worcester, MA 01608
Telephone: (508) 799-1161

<u>CERTIFICATE OF SERVICE</u>

I, Janet J. McGuiggan, hereby certify that on this 14th day of February, 2006, I
served the within Memorandum of Law upon all parties of record by electronically filing
with the Court and by mailing a copy of the same, postage prepaid, to the following:

Daniel J. Shea, Esq.                     Robert J. Murphy, Esq.
1928 West Bell Street                    Murphy & Riley
Houston, TX 77019-4814                   141 Tremont Street
                                         Boston, MA 02111


/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor

24