UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDA JENESKI<br>And a Class of Similarly<br>Situated Individuals, | )<br>)<br>)<br>) | |
| Plaintiffs, | )<br>) | |
| v. | )<br>) | NO. 05-40019-FDS |
| CITY OF WORCESTER,<br>STEPHEN R. WILLAND,<br>DONALD A. ANDERSON,<br>CARLENE BULL,<br>ROBERT J. HENNIGAN, JR.<br>DAVID M. MOORE, and<br>MASSACHUSETTS<br>ADMINISTRATOR OF<br>HUMAN RESOURCES, | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | |
| Defendants. | ) | |

MEMORANDUM IN SUPPORT OF
DEFENDANT MASSACHUSETTS ADMINISTRATOR OF HUMAN RESOURCES'
MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT

I.   INTRODUCTION

In her First Amended Complaint ("Amended Complaint"), the plaintiff, Linda Jeneski, asserts a claim against the Massachusetts Administrator of Human Resources ("Administrator") under 42 U.S.C. § 1985(3) alleging that the Administrator, among others, was part of a conspiracy to violate her civil rights. Count II of the Amended Complaint, the only count brought against the Administrator, seeks economic damages as relief for this alleged violation of 42 U.S.C. § 1985(3). (Amended Complaint ¶ 33.)

The plaintiff's claim against the Administrator, however, must be dismissed for two reasons. First, the Eleventh Amendment bars her claim since it seeks economic

1

damages from a state official sued in her official capacity. Second, the Amended Complaint fails to make out a *prima facie* case under 42 U.S.C. 1985(3) as the plaintiff does not allege that she was the victim of class-based discrimination or that the Administrator deprived her of a constitutionally-protected right. Therefore, the Court should dismiss the claims against the Administrator pursuant to Fed.R.Civ.P. 12(b)(6).

II.   STATEMENT OF FACTS[1]

The plaintiff alleges that as a result of the City of Worcester's issuance of an Executive Order on November 13, 1972, her position was illegally exempted from the requirements of civil service law. (Amended Complaint ¶ 13.) The City of Worcester hired the plaintiff in 1988 as a supervisor at the Welfare Offices of the City Manager's Office of Employment and Training. (Amended Complaint ¶ 14.) She was laid off in September of 2002. (Amended Complaint ¶ 21.) At some point during her employment, the plaintiff became aware that her position was exempted from the civil service laws. (Amended Complaint ¶ 22.) The only allegation concerning the Administrator in the Amended Complaint is that the Administrator improperly delegated her authority to enforce the civil service laws to the City of Worcester. (Amended Complaint ¶ 23.) This delegation is the subject of a "Memorandum of Understanding" between the Human Resources Departments of the City of Worcester and the Commonwealth. Id. Supposedly, the Administrator's actions were part of the alleged conspiracy against the plaintiff's civil rights. Id.

III.   STANDARD FOR REVIEW

A court may dismiss a complaint for failure to state a claim under Fed.R.Civ.P. 12(b)(6) when "it appears, beyond doubt, that the [p]laintiff can prove no set of facts in

---

[1] As stated in Hughes v. McMenamon, 379 F. Supp. 2d 75, 78 (D. Mass. 2005), "the court must accept all factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor." (citing Langadinos v. American Airlines, Inc., 199 F.3d 68, 69 (1st Cir. 2000)).

2

support of his claim which would entitle him to relief." Hughes v. McMenamon, 379 F. Supp. 2d at 78 (D. Mass., 2005) (quoting Judge v. City of Lowell, 160 F.3d 67, 72 (1st Cir.1998)). Furthermore, despite its obligation to assume the truth of the facts alleged in the pleadings, the Court may disregard "bald assertions, unsupportable conclusions, periphrastic circumlocutions, and the like." Centro Medico del Turabo Inc., v. Feliciano de Melecio, 406 F.3d 1, 5-6 (quoting Aulson v. Blanchard, 83 F.3d 1, 3 (1st Cir.1996)). After evaluating the claim, dismissal is appropriate if the pleadings fail to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." Id. at 6 (quoting Berner v. Delahanty, 129 F.3d 20, 25 (1st Cir.1997)).

IV.  ARGUMENT

    A. Count II of the Plaintiff's Amended Complaint Should be Dismissed Because the Eleventh Amendment Bars Claims for Monetary Damages Against State Officials Sued in Their Official Capacity.

The Supreme Court has held that "[r]elief that in essence serves to compensate a party injured in the past by an action of a state official in his official capacity that was illegal under federal law is barred even when the state official is the named defendant. This is true if the relief is expressly denominated as damages." Papasan v. Allain, 478 U.S. 265, 278 (1986).[2] Count II of the plaintiff's Amended Complaint alleges that the Administrator was involved in the conspiracy that was the "proximate cause of the economic damages sustained by her . . . ." (Amended Complaint ¶ 33.) The plaintiff seeks monetary relief from the Administrator and the other defendants jointly and

---

[2] The plaintiff has not specifically named the Administrator in either an individual or official capacity. However, using the "course of proceedings" test articulated by the First Circuit in Powell v. Alexander, 391 F.3d 1 (2004), it is clear that the plaintiff is suing the Administrator in her official capacity. The plaintiff has failed to even state the Administrator's name, apart from specifying the capacity in which she is sued. Furthermore, the Administrator's delegation of the authority to enforce the civil service laws to the City of Worcester is an act wholly committed in her official capacity.

3

severally. (Amended Complaint ¶ 32.) As plaintiff's claim against the Administrator is for money damages, it must be dismissed pursuant to the Eleventh Amendment.

    B. The Plaintiff's Claim Against the Administrator Fails to Make out the Elements of a *Prima Facie* Case Under 42 U.S.C. § 1985(3)

        1. *There is no allegation of class-based animus.*

Count II of the plaintiff's Amended Complaint alleges a violation of 42 U.S.C. §1985(3). A cause of action under this statute has four elements: "(1) two or more persons must conspire, (2) to deprive, either directly or indirectly, any person or class of persons of the equal protection of the laws or of equal privileges and immunities under the laws, (3) one or more of the conspirators must have done or caused to be done an act in furtherance of the object of the conspiracy, and (4) the plaintiff must have suffered either an injury to person or property or a deprivation of a constitutionally protected right or privilege as a result of the conspiracy." Powell v. City of Pittsfield, 143 F. Supp. 2d 94, 130 (D. Mass. 2001) (quoting Andrade v. Jamestown Housing Auth., 82 F.3d 1179, 1192 (1st Cir.1996)). "The Supreme Court has construed the second element to require that 'there must be some racial or perhaps otherwise class-based, invidiously discriminatory animus behind the conspirators' action.'" Andrade, 82 F.3d at 1192 (quoting Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)). The plaintiff has failed to allege any form of race, class or gender-based discriminatory animus on the part of the Administrator. In fact, the Amended Complaint never even alleges that the Administrator had a personal interaction with the plaintiff, or singled her out based on some impermissible grounds. Therefore, the plaintiff's claim under 42 U.S.C. § 1985(3) against the Administrator must be dismissed.

2. *Plaintiff does not plead facts sufficient to support a conspiracy.*

The plaintiff's § 1985(3) claim also fails because she does not allege facts sufficient to support the existence of a conspiracy between the Administrator and the other defendants. The plaintiff's allegations concerning the Administrator's delegation of civil service enforcement obligations to the City of Worcester do not show that the Administrator joined any agreement to violate the plaintiff's rights. Bald allegations of a conspiracy are insufficient to state a viable claim. See Levine v. County of Westchester, 828 F. Supp. 238, 241-42 (S.D.N.Y. 1993) (dismissal is appropriate when, as here, "it is impossible to tell with any degree of certainty what role, if any, the persons or entities named in the [complaint] played . . . ."), aff'd, 22 F.3d 1090 (2d Cir. 1994); Laverpool v. New York City Transit Auth., 760 F. Supp. 1046, 1060 (E.D.N.Y. 1991) ("bare or conclusory allegations of participation in a conspiracy . . . will not avail on a motion to dismiss . . . .").

3. *Plaintiff does not plead facts sufficient to show a deprivation of her constitutional rights.*

Finally, the plaintiff has also failed to allege facts that demonstrate that she suffered a deprivation of her constitutional rights. The plaintiff has brought equal protection and due process claims; however, she has not pled facts sufficient to support either claim.

    i.    Equal Protection

As discussed above, the plaintiff does not contend her rights were violated because she was a member of a suspect class. However, a plaintiff can also make an equal protection claim based on the government's "malicious or bad faith intent to injure [that] person." Rubinovitz v. Rogato, 60 F.3d 906, 910 (1st Cir. 2005). The plaintiff has

5

to clear a substantial hurdle to successfully bring such a claim: "[n]ormally, such a plaintiff must establish more than that the government's actions were simply arbitrary or erroneous; instead, the plaintiff must establish that the defendant's actions constituted a 'gross abuse of power.'" Tapalian v. Tusino, 377 F.3d 1, 6 (1st Cir. 2004) (quoting Baker v. Coxe, 230 F.3d 470, 474 (1st Cir. 2000)). Indeed, the court in Rubinovitz agreed, stating "[first], bad-faith or malicious-intent-to-injure cases are infrequent . . . [s]econd, 'the malice/bad faith standard should be scrupulously met.'" Id. at 911 (quoting Yerardi's Moody St. Restaurant & Lounge, Inc. v. Board of Selectman, 932 F.2d 89, 94 (1st Cir. 1991)).

Again, the plaintiff has failed to allege facts constituting a "gross abuse of power" on the part of the Administrator. The only fact concerning the Administrator in the Amended Complaint is an allegedly improper delegation of authority to the City of Worcester to oversee its own civil service obligations. Amended Complaint ¶ 23. Even if this delegation was improper (which it was not),[3] it certainly cannot be classified as a "gross abuse of power." Cf. Tapalian, 377 F.3d at 7 (holding that the record was "laden with the language of personal malice and 'bad faith' retaliation" following the plaintiff's refusal to follow defendant's inappropriate demands). In fact, the Administrator's alleged actions were not even directed towards the plaintiff. Therefore, the plaintiff has not alleged any facts that suggest a denial of equal protection based on malice or bad faith intent to injure.

      ii.  Procedural due process

The plaintiff alleges that the Administrator's role in the conspiracy to exclude the plaintiff's position from the civil service laws was a violation of her procedural due

---

[3] M.G.L. c. 31, § 5(l) gives the Administrator the power to "delegate the administrative functions of the civil service system, so far as practicable, to the various state agencies and cities and towns of the commonwealth."

6

process rights.  (Amended Complaint ¶ 33.)  However, under M.G.L.A. c. 31 § 2(b) the Massachusetts Civil Service Commission has the authority to "hear and decide appeals by a person aggrieved by any … failure to act by the [A]dministrator."  In <u>Lamoureux v. Haight</u>, 648 F.Supp. 1169 (D. Mass. 1986), the court held that "[i]n order to prevail on a claim of a deprivation of procedural due process, 'the claimant must either avail himself of the remedies guaranteed by state law or prove that the remedies are inadequate.'" <u>Id.</u> at 1175 (<u>quoting</u> <u>Hudson v. Palmer</u>, 468 U.S. 517 (1984) (O'Connor, J. concurring)).  The plaintiff has not availed herself of the remedy provided by M.G.L. c. 31, 2(b) nor has she shown that remedy to be inadequate.  Therefore, the plaintiff cannot claim that the Administrator has violated her procedural due process rights.

        iii.        Substantive due process

Furthermore, the plaintiff has not alleged a denial of substantive due process.  To make out such a claim, the plaintiff must have a protected property interest in her employment.  <u>Welch v. Paicos</u>, 66 F. Supp. 2d 138, 166 (D. Mass. 1999).  Given that the plaintiff's position was not covered under the civil service laws, the plaintiff had no protected property interest in it.  <u>Smith v. Comm'r of Mental Retardation</u>, 409 Mass. 545, 548-49 (1991).

"When a plaintiff cannot claim such a specific protected interest, … a violation of the substantive due process clause [can only be demonstrated] by showing state action that 'shocks the conscience or offends the community's sense of fair play and decency.'" <u>Welch</u>, 66 F. Supp. 2d at 166 (<u>quoting</u> <u>Rochin v. California</u>, 342 U.S. 165, 173 (1952)).  As stated previously, the only act committed by the Administrator against the plaintiff is a delegation of enforcement authority to the City of Worcester.  This act can hardly be described as one that "shocks the conscience."  Indeed, a violation of this standard

7

generally requires evidence establishing that the defendant's conduct was "highly physically intrusive." Cruz-Erazo v. Rivera-Montanez, 212 F.3d 617, 622-23 (1st Cir. 2000). Cf. Rochin, 324 U.S. at 172 (forcing defendant to have stomach pumped violated substantive due process). As such, the plaintiff has failed to allege a violation of her substantive due process rights.

V.    CONCLUSION

The Administrator respectfully requests that the Court dismiss the claims asserted against the Administrator in the plaintiff's Amended Complaint.

Respectfully submitted,

ADMINISTRATOR OF HUMAN RESOURCES

By her attorney,

THOMAS F. REILLY
ATTORNEY GENERAL


/s/ Elliot C. Fertik
Elliot C. Fertik, BBO# 662954
Assistant Attorney General
Office of the Attorney General
One Ashburton Place, Room 2055
Boston, MA 02108-1698
(617) 727-2200, ext. 2014
facsimile (617) 727-5785

Dated: March 21, 2006