IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDA JENESKI, | § | |
| And Class of Similarly | § | |
| Situated Individuals; | § | |
| | § | |
| Plaintiffs; | § | |
| | § | NO. 05-40019-FDS |
| -vs.- | § | |
| | § | |
| CITY OF WORCESTER, MA, *ET AL.*; | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF'S OPPOSITION (WITH AUTHORITY) TO ADMINISTRATOR'S**

**MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

**WITH MOTION FOR OPPORTUNITY TIMELY TO RE-PLEAD**

COMES NOW LINDA JENESKI and replies in opposition to the *Motion to Dismiss Plaintiff's First Amended Complaint* (Doc. #44-1) and supporting *Memorandum* (Doc. ##44-2, 45) of the MASSACHUSETTS ADMINISTRATOR OF HUMAN RESOURCES ("Administrator"). The Administrator moves to dismiss on grounds of Eleventh Amendment immunity and FED. R. CIV. P. 12(b)(6). Plaintiff addresses each, *seriatim.*

I. ELEVENTH AMENDMENT OFFICIAL CAPACITY IMMUNITY

Plaintiff concurs with the Administrator that she has not been specifically named in either an individual or official capacity. *See* MEMORANDUM, n. 2, p. 3. Seizing on that fact, and with reference to the "course of proceedings" test in *Powell v. Alexander*, 391 F.3d 1 (2004), Administrator concludes that "it is clear that plaintiff is suing the Administrator in her official capacity." *Id.* at n. 2. Administrator supports that statement with the assertion, without more, that "Administrator's delegation of the authority to enforce the civil service laws is an act wholly committed in

her official capacity." *Id.*  Plaintiff contends that that conclusion is misplaced for the reasons that follow.

In *Powell*, *supra,* the Pittsfield City Solicitor, Alexander, had been sued, as here, without designation as to whether it was in her individual or official capacity.  There, the district court looked at the conduct of Alexander and concluded that it amounted to callous indifference to plaintiff Powell's constitutionally protected rights.  Therefore, the district court ruled, and the First Circuit agreed, that it was Alexander's own misconduct, plus the plaintiff's seeking of damages against her, that gave her notice that she was being sued in her individual capacity.

Applying *Powell* to this case, the conduct involved on the part of the Administrator rises to an even higher level of misconduct than that involved by Ms. Alexander in *Powell*.  As recited in Plaintiff's response to City's motion to dismiss, the conduct involved here has been criminalized by the Massachusetts Legislature:

> Any person who wilfully or negligently violates or conspires to violate any of the provisions of the civil service law and rules, or who knowingly makes an appointment or employs any person in violation of such law and rules, or who refuses or neglects to comply with any provision of such civil service law and rules, shall be punished by a fine of not more than one thousand dollars or imprisonment for not more than one year, or both, unless a different penalty is specifically provided in this chapter.

MASS. GEN. L. ch. 31 § 71.

Consequently, not only is Administrator's reliance on Powell misplaced, Powell is on all-fours with the Plaintiff here, both factually and in outcome.  Thus, Administrator is on notice that she is being sued in her individual capacity, on which basis her motion should be denied.

Nevertheless, *Powell* does raise additional considerations.

> However, we do not encourage the filing of complaints which do not clearly specify that a defendant is sued in an individual capacity. To the contrary, it is a far better practice for the allegations in the complaint to be specific.  A plaintiff who leaves the

> issue murky in the complaint runs considerable risks under the doctrine we adopt today.
>
> .... A court may also take into consideration "whether the parties are still in the early stages of litigation," *Moore*, 272 F.3d at 772 n.1, *including whether amendment of the complaint may be appropriate*. No single factor is dispositive in an assessment of the course of proceedings. "Throughout, the underlying inquiry remains whether the plaintiff's intention to hold a defendant personally liable can be ascertained fairly." *Biggs*, 66 F.3d at 61.

*Powell*, 391 F.3d at 10 (emphasis added).

Therefore, keeping in mind that the live pleading (first amended) was filed under grant of leave to add the Administrator,[1] and the fact that this is Administrator's first challenge to that pleading, Plaintiff reiterates the request made in response to the City's motion to dismiss, *i.e.*, that Plaintiff have the opportunity to re-plead in response to the legitimate issues raised by both City and Administrator.

## II. FAILURE TO STATE A CLAIM, RULE12(b)(6)

Administrator next posits a series of 12(b)(6) objections, to wit:

1. There is no allegation of class-based animus.

2. Plaintiff does not plead facts sufficient to support a conspiracy.

3. Plaintiff does not plead facts sufficient to show a deprivation of her constitutional rights, in particular:

    i. Equal Protection,

    ii. Procedural Due Process, and

    iii. Substantive Due Process.

---

[1] Plaintiff based her motion for leave (Doc.#25) on an assertion that Administrator was an additional party defendant "without whom the permanent injunctive relief requested cannot be afforded to the Plaintiff and putative Class." Thus, Administrator is sued in both capacities which will be appropriately segregated upon re-pleading. "Of course, Powell was free to sue Alexander in either or both of her official and personal capacities." *Powell, supra*.

Plaintiff has addressed each of these identical grounds raised by City in its motion to dismiss. Thus, in the interest of judicial economy, plaintiff hereby adopts and incorporates herein by reference in their entirety, her arguments and request for relief to each of these points as they are set forth and briefed in her response (Doc.#42) to City's motion to dismiss.

### III.  CONCLUSION

For the reasons stated herein, Administrator's motion to dismiss should be denied with the exception of those instances under *Powell* and Rule 12(b)(6) in which Plaintiff asks for an opportunity to re-plead in response to both City and Administrator.

Respectfully submitted,

By: /s/ Daniel J. Shea (ECF)
DANIEL J. SHEA
B.B.O.# 652896
1928 West Bell Street
Houston, TX 77019-4814
(713) 942-7500 Telephone
(713) 942-7507 Telecopier
(832) 647-3612 Mobile
**djs7500@aol.com**

ATTORNEY FOR PLAINTIFF
AND PUTATIVE CLASS

### CERTIFICATE OF SERVICE

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on March 27, 2006.

/s/ Daniel J. Shea