UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| LINDA JENESKI, ) | |
| And Class of Similarly ) | |
| Situated Individuals, ) | |
|     Plaintiffs ) | |
| ) | |
| v. ) | NO. 05-40019-FDS |
| ) | |
| CITY OF WORCESTER, ) | |
| STEPHEN R. WILLAND, ) | |
| DONALD H. ANDERSON, ) | |
| CARLENE BULL, ) | |
| ROBERT J. HENNIGAN, JR. ) | |
| DAVID M. MOORE, and ) | |
| MASSACHUSETTS ) | |
| ADMINISTRATOR OF ) | |
| HUMAN RESOURCES, ) | |
|     Defendants ) | |

### DEFENDANTS CITY OF WORCESTER, STEPHEN R. WILLAND, DONALD H. ANDERSON, CARLENE BULL, AND DAVID MOORE'S OPPOSITION TO PLAINTIFF'S MOTION FOR RECONSIDERATION

Now come Defendants City of Worcester, Stephen R. Willand, Donald H. Anderson, Carlene Bull and David Moore to oppose Plaintiff's Motion for Reconsideration. Plaintiff apparently contends that this Court's decision to dismiss her lawsuit is flawed because the City was not required to "provide the rational basis for its actions." (See Plaintiff's Motion for Reconsideration, p. 3.) In support of this Opposition, the Defendants state that they were not obligated, as a matter of law, to provide evidence of the City's rational basis for its lawmaking actions at the hearing on the Defendants' motion to dismiss, for "where, …, there are plausible reasons for [a legislative body's] action, [the court's] inquiry is at an end." United States Railroad Retirement Board v. Fritz, 449 U.S. 166, 179 (1980).

2

Contrary to Plaintiff's contention, in assessing an equal protection challenge, a court need only determine that the classification serves some conceivable legislative purpose. See <u>Vance v. Bradley</u>, 440 U.S. 93, 111 (1979). Moreover, "[i]t is, of course, constitutionally irrelevant whether this reasoning in fact underlay the legislative decision … because this Court has never insisted that a legislative body articulate its reasons for enacting a statute." <u>United States Railroad Retirement Board</u>, 449 U.S. at 179. In this case, in reviewing the City's non-civil service classification of Plaintiff's position and those in her department, the Court rightfully identified an obvious advantage to the City of flexibility in making employment decisions without the constraints of civil service. In so doing, this Court's inquiry was at an end because the classification rationally serves a legitimate objective that the lawmaking body might have had, and, therefore, it must be upheld.

For the foregoing reasons, Defendants City of Worcester, Stephen R. Willand, Donald H. Anderson, Carlene Bull and David Moore request that this Court deny Plaintiff's Motion for Reconsideration.

Respectfully submitted,

DEFENDANTS CITY OF WORCESTER, STEPHEN R. WILLAND, DONALD H. ANDERSON, CARLENE BULL, and DAVID M. MOORE,

By their attorney,

/s/ Janet J. McGuiggan
Janet J. McGuiggan (BBO #630013)
City Hall, Room 301
455 Main Street
Worcester, MA 01608
(508) 799-1161

CERTIFICATE OF SERVICE

I, Janet J. McGuiggan, hereby certify that on this 14th day of April, 2006, I served the within Opposition upon all parties of record by electronically filing with the Court with electronic notice sent to the registered participants and by mailing a copy of the same, postage prepaid, to the following non-participant:

Robert J. Murphy, Esq.
Murphy & Riley
141 Tremont Street
Boston, MA 02111

/s/ Janet J. McGuiggan
Janet J. McGuiggan
Assistant City Solicitor