IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
CENTRAL DIVISION

| | | |
|---|---|---|
| LINDA JENESKI, And Class of Similarly Situated Individuals; | § § § § | |
| Plaintiffs; | § § § | |
| -vs.- | § § | |
| CITY OF WORCESTER, MASS.; STEPHEN H. WILLAND; DONALD H. ANDERSON; CARLENE BULL; ROBERT J. HENNIGAN, JR.; DAVID M. MOORE; and RUTH N. BRAM-SON, Individually and as Massachusetts Administrator of Human Resources; and As Successor-in-Interest to Her Individual and Official Predecessors; | § § § § § § § § § § § | NO. 05-40019-FDS |
| Defendants. | § | |

**PLAINTIFF'S REBUTTAL TO CITY DEFENDANTS'**

**OPPOSITION TO HER RULE 59 MOTION FOR RECONSIDERATION**

I.

In their opposition to *Plaintiff's Motion for Reconsideration* [Doc.#48], the City Defendants state the following proposition: "[T]he Defendants state that they were not obligated, as a matter of law, to provide evidence of the City's rational basis for *its lawmaking* actions at the hearing on the Defendants' motion to dismiss, for 'where, . . ., there are plausible reasons for [a legislative body's] action, [the court's] inquiry is at an end.'" OPPOSITION [Doc.#50] at p. 1 (emphasis added)[brackets original]; *quoting United States Railroad Retirement Board v. Fritz*, 449 U.S. 166, 179 (1980).

The Defendants' reliance on *Fritz* is wholly misplaced. In *Fritz,* the Supreme Court had before it (a) a challenged legislative enactment not an executive disregard of a statute as in *Hoffman*

and here, and (b) as an evidentiary matter, not the trial court's speculation, but rather, the express legislative history of the very statute under equal protection challenge:

> The 1974 Act fundamentally restructured the railroad retirement system. The Act's predecessor statute, adopted in 1937, provided a system of retirement and disability benefits for persons who pursued careers in the railroad industry. Under that statute, a person who worked for both railroad and non-railroad employers and who qualified for railroad retirement benefits and social security benefits, 42 U.S.C. § 401 *et seq.*, received retirement benefits under both systems and an accompanying "windfall" benefit. The legislative history of the 1974 Act shows that the payment of windfall benefits threatened the railroad retirement system with bankruptcy by the year 1981. Congress therefore determined to place the system on a "sound financial basis" by eliminating future accruals of those benefits. Congress also enacted various transitional provisions, including a grandfather provision, § 231b (h), which expressly preserved windfall benefits for some classes of employees.

*Fritz*, 449 U.S. at 168-70 (footnotes omitted).

City is thus trying to transform itself into the legislative body [the Massachusetts General Court] when, as the pleadings clearly indicate, the conduct of which Ms. Jeneski complains was not an act of the Massachusetts legislature, but instead, an executive action [Executive Order of 1972] that was not law-making, but instead, law-breaking under MASS. GEN. L. ch. 31 § 74. Thus, *Fritz* is wholly inapposite. Furthermore, *Fritz* does not support an evidentiary proposition that "as a matter of law," the City has no obligation to present evidence of the rational basis for its action to disregard the express intent of the Massachusetts legislature, well expressed in both MASS. GEN. L. chs. 31 and 31A, i.e., that the Commonwealth's personnel practices be conducted on generally accepted merit principles.

## II.

In like manner, the City Defendants advance another proposition: ". . . [I]n asserting an equal protection challenge, a court need only determine that the classification serves some conceivable *legislative* purpose." OPPOSITION at 2 (emphasis added); *citing Vance v. Bradley*, 440 U.S. 93, 111 (1979). Again, that reliance is misplaced for the same reason.

In *Vance*, as in *Fritz*, the Supreme Court had before it a challenge to the constitutionality of the *Congress's* action under the equal protection clause – not a *Hoffman* challenge to the executive's disregard of the legislative mandate. Again, as an evidentiary matter, the Court had before it the legislative intent of the United States Congress, not its own independent determination.

> The statutory provision under attack, § 632 of the Foreign Service Act of 1946, 60 Stat. 1015, as amended, 22 U.S.C. § 1002, mandates the retirement at age 60 of participants in the Foreign Service retirement system. That system originally covered only Foreign Service officers in the State Department, but it has been expanded to include Foreign Service Reserve officers with unlimited tenure, career Foreign Service Staff officers and employees, Foreign Service Information officers and career staff in the International Communication Agency, and certain employees of the Agency for International Development. Unlike these employees, personnel covered by the Civil Service retirement system presently face no mandatory retirement age and, when this suit was brought, were not required to retire until age 70. Appellees have not suggested that the statutory distinction between Foreign Service personnel over age 60 and other federal employees over that age burdens a suspect group or a fundamental interest; and in cases where these considerations are absent, courts are quite reluctant to overturn governmental action on the ground that it denies equal protection of the laws. The Constitution presumes that, absent some reason to infer antipathy, even improvident decisions will eventually be rectified by the democratic process and that judicial intervention is generally unwarranted no matter how unwisely we may think a political branch has acted. Thus, we will not overturn such a statute unless the varying treatment of different groups or persons is so unrelated to the achievement of any combination of legitimate purposes that we can only conclude that the legislature's actions were irrational.

*Vance*, 440 U.S. at 95-97 (footnotes omitted).

Once again, it is not the action of the Massachusetts legislature that Ms. Jeneski challenges; indeed, she is in complete accord with its legislative purposes. Instead, she complains of the conduct of the City defendant which violates that legislative purpose and awaits whatever "principled justification" City wishes to advance to explain its felonious disregard of the express legislative intent. *See Hoffman v. City of Warwick*, 909 F.2d 608 (1st Cir.1990) *citing Bishop v. Moran*, 676 F.Supp. 416, 423 (D.R.I. 1987).

III.

Finally, lest the City further attempt to characterize the City Manager's 1972 memorandum as legitimate "legislation" rather than an executive act of disobedience, Plaintiff respectfully reminds the Court of City's public admissions on these matters as set forth in the live pleadings:

> Civil Service Corrective Legislation. This reorganization plan also contains my recommendation for Home Rule Legislation which would acknowledge the *historical practice of considering* a large number of employees within the Executive Office of the City Manager as *exempt* from Civil Service. These positions include those in the Budget Office, Development Office, Neighborhood Services, Elder Affairs, *Human Resources and Employment and Training*. The City Solicitor advises me that the legal basis for treating these positions as exempt has become more questionable over time and has recommended that the City seek special legislation to place these exemptions on unassailable legal ground.

PL. 2ND AM. CPLT. at p. 9, par. 25; *citing* Letter to Council, Michael V. O'Brien [City Manager], September 28, 2004, pp. 12-13 (emphasis added).

IV.

For the reasons stated herein, Plaintiff concludes that the City's arguments in opposition are unavailing and respectfully re-urges her *Rule 59 Motion for Reconsideration.*

    Respectfully submitted,

    DANIEL J. SHEA, P.C.

    By:   /s/Daniel J. Shea, ECF
        DANIEL J. SHEA
        B.B.O.# 652896
        1928 West Bell Street
        Houston, TX 77019-4814
        (713) 942-7500 Telephone
        (713) 942-7507 Telecopier
        (832) 647-3612 Mobile
        djs7500@aol.com

    ATTORNEY FOR LINDA JENESKI
    AND PUTATIVE CLASS

-5-

CERTIFICATE OF SERVICE

    I hereby certify that this document filed through the ECF system on April 15, 2006 will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on or about April 17, 2006.

                                                      /s/ Daniel J. Shea